IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Ralph M. LAUER, Attorney at Law.

Supreme Court

*No. 81–1331–D.   Submitted on briefs September 9, 1982.—*
*Decided October 5, 1982.*
(Also reported in 324 N.W.2d 432.)

For the appellant the cause was submitted on the briefs of *Robert D. Sundby* and *DeWitt, Sundby, Huggett & Schumacher, S.C.,* Madison.

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *John E. Bliss* and *Tinkham, Smith, Bliss, Patterson, Richards & Hessert,* Wausau.

PER CURIAM. *Attorney disciplinary proceedings; attorney reprimanded.*

This is an appeal by the respondent-appellant, Ralph M. Lauer, from the report and recommendation of the referee recommending that the appellant be publicly reprimanded and ordered to pay the costs of the disciplinary proceeding for having knowingly advanced a claim unwarranted under existing law or which could not be supported by a good faith argument for an extension, modification or reversal of existing law, in violation of SCR 20.36(1)(b).

The issues raised in this appeal are these:

(1) Whether the appellant was afforded procedural due process in the disciplinary proceeding.

(2) Whether the referee erred in refusing to dismiss the amended complaint for failure to state a violation of SCR 20.36(1)(b) upon which disciplinary action may be imposed.

(3) Whether there was sufficient evidence before the referee to support his finding that the appellant violated SCR 20.36(1)(b).

The facts underlying the disciplinary action, which are undisputed, disclose that on August 17, 1976, the appellant commenced an action on behalf of his client for the issuance of a writ of mandamus commanding the town board of Fairbanks and three individual board members to renew the client's liquor and beer license, which had been originally issued to her in 1972, for the 1976–77 license year. Following trial to the court, the action was dismissed on November 17, 1978. The court determined that the client had not suffered a denial of either statutory or constitutional rights in the procedures followed by the town board in denying her license application, that the board did not act arbitrarily or capriciously in denying the application and that the town could properly determine that a church or other tax-exempt organization

should not be allowed to operate a tavern dispensing beer or liquor for profit from premises which are tax-exempt. No appeal from the circuit court judgment was taken.

Five months later, on April 25, 1979, the appellant commenced an action on behalf of the same client against the three town board members named defendants in the 1976 action, alleging two claims of negligence, one for their processing, action and denial of her license application for the 1976–77 license year and the second for like activity concerning her application for the subsequent year. The negligence alleged in this action consisted of the board members' failing to give proper notice of meetings at which the license applications were discussed, holding meetings in violation of the Wisconsin open meeting law, holding the meetings at improper locations, failing to comply with Wisconsin statutes relating to the issuance of such licenses, denying the client her civil rights in relation to her application for the licenses and failing to comply with due process requirements regarding her applications. The defendants moved to dismiss the action on the ground that the complaint failed to state a cause of action upon which relief could be granted and that the matters alleged in the complaint were *res judicata* by virtue of the 1978 judgment dismissing the mandamus action.

The defendants also moved the court for assessment of costs and reasonable attorney fees, pursuant to sec. 814.-025, Stats., on the ground that the action was frivolous.[1]

---

[1] 814.025 "Costs upon frivolous claims and counterclaims. (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceed-

The motion was heard on May 21, 1979, and the appellant appeared but did not orally argue against the motion. He requested and was granted five days to file a brief, but no brief was filed within that time. Upon inquiry from the court, the appellant stated that he needed additional time to file a brief, but no such brief was filed as of August 30, 1979, on which date and without further notice to the appellant, the court rendered a memorandum decision dismissing the action. The court found that the alleged negligent acts of the defendants were protected from suit under the doctrine of quasi-legislative immunity, sec. 895.43(4), especially as to the denial of the license application, and that in light of the 1978 judgment, any suit based on the alleged negligent acts concerning compliance with statutory regulations was prohibited by the doctrine of *res judicata*. The court subsequently taxed costs and attorney fees against the client and the appellant in the amount of $417.47.

The Board of Attorneys Professional Responsibility (Board) contacted the appellant and informed him that it was aware of the 1979 circuit court decision and that it was investigating his conduct to determine if he had

ing, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

"(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

violated SCR 20.36.[2] The appellant responded in writing, stating that he believed the court in the mandamus action was in error and that taking an appeal from that decision was unwarranted because of his client's limited financial resources, the lack of merit of the motion to dismiss the second action and the press of other matters. Following investigation by the district 10 professional responsibility committee, the Board, by letter of February 2, 1981, proposed to issue a private reprimand to the appellant, provided he consent to it.[3] The appellant notified the Board that he would not accept a private reprimand, and on April 27, 1981, represented by counsel, he appeared before the Board and submitted a brief on the issue of the appropriateness of disciplinary action. On June 19, 1981, Board counsel advised the appellant's attorney that the Board had decided to pursue the complaint against the appellant and again offered to issue a private reprimand with the appellant's consent. The appellant refused.

The Board filed a complaint with the court on July 2, 1981, alleging that the appellant "knew or in the exercise of ordinary care, should have known that in starting the second action he was advancing a claim that was unwarranted under existing law and thus frivolous." We referred the matter to the Hon. Franklin W. Clarke as referee, pursuant to SCR 21.09(4). The appellant filed his answer to the complaint on July 27, 1981, in which he

---

[2] SCR 20.36 "Representing a client within the bounds of the law. (1) In his or her representation of a client, a lawyer may not:

". . .

"(b) Knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law.

". . ."

[3] SCR 21.09(2) provides, in part, ". . . The Board may issue a private reprimand or a public reprimand without public hearing upon consent of the attorney. . . ."

admitted the factual allegations of the complaint but denied that he violated SCR 20.36(1)(b).

On October 1, 1981, the appellant filed a motion to dismiss the disciplinary complaint for failure to state a violation of SCR 20.36(1)(b) upon which discipline could be imposed, and on October 22, 1981, the Board filed a motion for summary judgment, accompanied by an affidavit of Board counsel. On October 27, 1981, the appellant's attorney wrote to the referee in which he stated, "I agree with [Board counsel] that the two affidavits with attachments constitute a sufficient record for the referee to make a determination on the merits."

On November 9, 1981, the referee issued an order requiring the Board to respond to the motion to dismiss within 20 days or file an amended complaint alleging that the second action commenced by the appellant could not be sustained by a good faith argument for an extension, modification or reversal of existing law. Such amended complaint was filed on November 12, 1981, and the referee subsequently denied the appellant's motion to dismiss. On November 19, 1981, the appellant filed a motion to dismiss the amended complaint, which was denied by the referee. Subsequently, briefs were filed by the parties on the Board's motion for summary judgment, and on January 28, 1982, the referee filed his report recommending that the appellant be publicly reprimanded and ordered to pay the costs of the disciplinary proceeding.

The appellant's claims that he was denied procedural due process in the disciplinary proceeding are without merit. He argues that the complaint and amended complaint in the disciplinary proceeding referred to his commencement of the second lawsuit, rather than to the first "claim of action" set forth in the complaint in that action, which dealt with the 1976–77 license year (the second "claim of action" concerned the subsequent license

year). The appellant states that he was not put on notice that the Board was basing its allegation of a violation of SCR 20.36(1)(b) on the first claim made in the second lawsuit until he was served with the Board's brief in support of its motion for summary judgment.

The appellant also argues that he was denied procedural due process because the referee chose to ignore his arguments that the circuit court improperly determined that he had violated sec. 814.025, Stats., and, consequently, he was never given the opportunity to be heard on the issue of the frivolousness of the second action. In addition, he claims that he was, in fact, reprimanded by the Board without a hearing, apparently believing that the Board had the authority to issue a private reprimand without his consent, notwithstanding the provision of SCR 21.09(2) to the contrary. His final argument is that the amended complaint's allegation that he knew or in the exercise of ordinary care should have known that the second action was frivolous rendered the amended complaint fatally defective as not informing him of the charge against which he was to defend, *i.e.*, whether it was an intentional act or negligence. This argument fails in light of the clear language of SCR 20.36(1)(b) requiring actual knowledge that the action was without basis in law, which knowledge the referee specifically found the appellant to have when he brought the second action.

It is apparent from the record that the appellant received the necessary due process to which he was entitled in this disciplinary proceeding. The amended complaint filed in the proceeding adequately apprised the appellant of the charge being made against him. The referee correctly refused to consider the appellant's argument that the trial court in the second action had improperly determined that the appellant had violated sec. 814.025,

Stats., for that determination was subject to review on appeal, which the appellant elected not to pursue, and is not one which may be collaterally attacked in the disciplinary proceeding. The appellant stipulated that the referee could make a determination of the proceeding on the merits without conducting a hearing, and he submitted a brief for the referee's consideration in making that determination. The inclusion of the "should have known" language, which is the statutory language found in sec. 814.025(3)(b), had no bearing on the disciplinary proceeding in that the Board did not contend in its brief filed in support of its summary judgment motion that the appellant negligently brought a frivolous claim, nor did the referee make a finding as to the appellant's possible negligence.

The appellant next contends that the referee erred by finding no argument in his brief for an extension of existing law to justify the claim advanced in the second action. That "argument" consisted of the statement that the appellant found no reported decision rejecting a cause of action based on alleged negligence for failure to comply with the Wisconsin open meeting law, and that therefore, the claim in the second action "embodied a very creative argument which could well have resulted in substantial benefit to his client and created new law in the State of Wisconsin." While this characterization might arguably apply to almost any claim, we agree with the referee that it was not applicable here.

In support of his conclusion that the appellant in fact knew the second action was without basis in law, the referee relied to some extent on the appellant's inaction: he did not appeal from the first circuit court decision, he did not present oral argument or file a brief on the defendants' motion to dismiss the second action and motion for assessment of costs and attorney fees under sec. 814.-025, Stats., and he did not appeal from the decision in

the second action. Contrary to the appellant's contention, such evidence was relevant on the issue of knowledge. While the appellant's explanation for his failure to take an appeal from either circuit court decision is reasonable, *i.e.*, the cost of an appeal was prohibitive to his client, the appellant experienced the press of other business, the time it would take for a decision on appeal would render the issues in either case moot, his client was issued a temporary license for the 1977–78 license year pending the court's decision in the mandamus action, this does not explain his failure to argue against the motion to dismiss and the motion for costs and attorney fees under the frivolous action statute in the second action. We reject, as did the referee, his stated reasons that he reasonably believed that the trial court could not have dismissed the action on either of the grounds stated in the motion and that he believed the second action could be maintained because the trial court in the first action was wrong.

The appellant's major contention, the one which forms the basis of most of his other arguments, is that he was found to have violated SCR 20.36 (1) (b) solely on the basis of the trial court's determination that he had violated sec. 814.025, Stats. To support this claim, he cites an item appearing in the *Wisconsin Bar Bulletin*, vol. 53, no. 11 (Nov. 1980), in which the Board advised attorneys that when a Wisconsin court assesses costs or attorney fees for bringing frivolous claims or actions pursuant to sec. 814.025, "they can expect to be investigated by the Board." The appellant argues that the fact that there was no evidentiary hearing in the disciplinary proceeding and the Board's election to have the proceeding determined on its motion for summary judgment demonstrate that the Board was basing its allegation of a violation of SCR 20.36 (1) (b) exclusively on the trial court's determination that the appellant had violated sec. 814.025.

We note, however, that the *Wisconsin Bar Bulletin* item states that the Board had undertaken investigations of several recent cases where the statute had been applied and that preliminary examination of those cases indicated that discipline was not warranted in each case to which the provisions of sec. 814.025, Stats., were applied. It states, "Nonetheless, the Board has determined that it must investigate cases where the statute is applied in order to discharge its responsibility to investigate instances of possible misconduct." The Board's contention that its decision to file a complaint against the appellant was based on its own independent investigation is supported by the following facts: the Board notified the appellant that, having been informed of the 1979 circuit court decision, it was investigating his conduct, the Board proposed to issue a private reprimand to the appellant following an investigation conducted by the district professional responsibility committee, the appellant appeared before the Board and submitted a letter brief on the issue of the appropriateness of the proposed private reprimand and that the Board informed the appellant that it had decided to pursue a complaint against him, all of which occurred before the Board filed a complaint with the court. Further support is provided by the appellant's having agreed that the two affidavits with attachments constituted a sufficient record for the referee to make a determination on the merits of both the appellant's motion to dismiss the disciplinary complaint and the Board's motion for summary judgment.

The Board emphatically rejects the appellant's contention that this disciplinary proceeding is based on the belief that a finding of frivolousness under sec. 814.025, Stats., is, *per se,* a violation of SCR 20.36(1)(b). While the statute and our rule are indeed similar, they are not identical, and the assessment of costs under the statute

does not, of itself, constitute a violation of our rule of professional responsibility.

We have addressed this issue, *Sommer v. Carr*, 99 Wis. 2d 789, 299 N.W.2d 856 (1981), where we stated:

"There is a fear in administering sec. 814.025, Stats., that upon a trial court finding a position to be frivolous that automatically the Board of Attorneys Professional Responsibility will investigate the involved attorney for unethical conduct. In fact, there was a notice in the November 1980, Vol. 53, No. 11 issue of the Wisconsin Bar Bulletin that the board intended to conduct such investigations." *Id.*, at 795.

This fear is not unwarranted, for, as indicated in the *Wisconsin Bar Bulletin* item, ". . . a court making a finding that sec. 814.025 is applicable must find the facts which indicate *possible* violation of the disciplinary rule in SCR 20.36." (Emphasis supplied.)

However, it does not follow that where there is a violation of the statute there must be a violation of the disciplinary rule. To the extent they treat the same activity, the statute and the rule differ significantly. A violation of the statute requires that a party or a party's attorney knew or should have known that the action, special proceeding, counter-claim, defense or cross-complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. A violation of SCR 20.36 requires that the claim or defense unwarranted under existing law must be *knowingly* advanced. Neither the rule nor the statute prohibits a lawyer from advancing such claim or defense if it can be supported by a good faith argument for an extension, modification or reversal of existing law.

We stated in *Sommer, supra*, that the standard to be applied under the statute is not what was in the attorney's mind and whether his or her actions were deliber-

ate or impliedly intentional, but, rather, the objective standard of what a reasonable attorney would have done under the same or similar circumstances. *Id.,* at 797. We found that the application of a subjective standard to an attorney alleged to have violated the frivolous action statute would be inappropriate because it "would establish as many tests as there are attorneys practicing law in this state." *Id.,* at 797. The objective standard is to be applied under sec. 814.025, Stats., to determine whether an action was frivolous in order to award to the successful party costs and reasonable attorney fees incurred in the action.

However, this is a disciplinary proceeding, and the test to be applied under the statute is not necessarily applicable. Here we are concerned not with the costs, both in terms of time and money, incurred by litigants and the court system itself as a result of the bringing of a frivolous action; rather, we are to determine whether an attorney has violated a disciplinary rule which sets forth "the minimum level of conduct below which no lawyer can fall without being subject to disciplinary action." SCR 20.002. In making that determination in the context of SCR 20.36(1)(b), we find it appropriate to apply the subjective standard, that is, whether the attorney, in fact, knew the claim he was advancing was unwarranted under existing law and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Such knowledge is an issue of fact which, in the context of an attorney disciplinary proceeding, must be established by clear and satisfactory evidence, *Matter of Proceedings Against Sedor,* 73 Wis. 2d 629, 636, 245 N.W.2d 895 (1976), while a finding of frivolousness under sec. 814.025, Stats., must be based on a preponderance of the evidence, *Sommer, supra,* at 797.

In *Sommer, supra,* we also noted a fear that the strict application of the frivolous action statute "will stifle the

innovative theories of law being presented in court, whether such theories be those of plaintiffs or defendants." *Id.,* at 796. The appellant argues that such application of the statute will also stifle an attorney in the honest and zealous representation of a client. SCR 20.35 and 20.36 set forth mandates and prohibitions concerning a lawyer's representation of a client zealously and within the bounds of the law. In addition, every attorney licensed to practice in Wisconsin takes an oath in open court which includes the following: "I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, or any defense, except such as I believe to be honestly debatable under the law of the land." SCR 40.13. We do not share the appellant's fear that if he is disciplined for his conduct in bringing the second circuit court action attorneys will be stifled in the advancing of innovative theories of law or in the honest and zealous representation of their clients. Under our rules of professional responsibility, an attorney's innovative theories and zeal are not without limits; those limits are drawn, in part, by existing law and good faith argument for changing existing law.

On the record before us we conclude that by commencing the 1979 circuit court action, the appellant brought a claim which he knew was not warranted under existing law and which he knew could not be supported by a good faith argument for an extension, modification or reversal of existing law. The appellant therefore violated SCR 20.36(1)(b) and merits discipline for unprofessional conduct. We agree with the referee to the extent that such misconduct warrants the imposition of a reprimand on the appellant, but we believe that a private reprimand is sufficient discipline in this case. However, because the appellant twice rejected the Board's offer of a private reprimand and elected to have the matter decided in a

formal disciplinary proceeding and also chose to appeal from the referee's recommendation of a public reprimand, our rules relating to enforcement of attorneys professional responsibility require that our final disposition of this disciplinary proceeding be published in the official publications of our opinions SCR 21.09(5).

On March 19, 1982, the appellant filed a motion to supplement the record on appeal by including the transcript of the proceedings in the mandamus action in circuit court and requested the court to take judicial notice of the letter written by the Board to all state courts, referred to in the *Wisconsin Bar Bulletin* item we have cited in this opinion. The Board did not oppose that motion, and, having considered these items in our review of the record, we hereby grant the motion.

It is ordered that Attorney Ralph M. Lauer is reprimanded for unprofessional conduct by knowingly advancing a claim unwarranted under existing law and unsupportable by a good faith argument for an extension, modification or reversal of existing law, in violation of SCR 20.36.

It is further ordered that Ralph M. Lauer pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,476.72 within 60 days of the date of this order.