IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. CALDWELL, Attorney at Law.

Supreme Court

*No. 92-0912-D. Filed November 12, 1992.*

(Also reported in 491 N.W.2d 482.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the recommendation of the referee that a public reprimand be imposed on Attorney James J. Caldwell as discipline for having filed an action when he knew or when it was obvious that the action would serve merely to harass or maliciously injure the adverse parties. We determine that the recommended discipline is appropriate sanction for Attorney Caldwell's misconduct.

Attorney Caldwell was admitted to practice law in Wisconsin in 1956 and practiced in Waukesha. It appears from the record that Attorney Caldwell has ceased the practice of law. In 1988, the court publicly

reprimanded him for entering into a business transaction with a client in which they had differing interests and in which the client expected him to exercise his professional judgment for the client's protection, refusing to return client files unless the client signed a general release of any liability Attorney Caldwell might have to the client, failing to fully respond to the Board of Attorneys Professional Responsibility (Board) requests for information in the course of its investigation of grievances against him and failing to produce trust account records in response to Board request, *Disciplinary Proceedings Against Caldwell,* 146 Wis. 2d 715, 432 N.W.2d 98 (1988).

Although Attorney Caldwell filed an answer to the Board's original complaint in this proceeding, when he did not file an answer to the Board's amended complaint, the referee, Attorney John R. Decker, granted the Board default judgment and found as facts the allegations of that amended complaint.

In 1985 Attorney Caldwell represented a woman in two related lawsuits arising out of an incident at a restaurant where the woman was employed as a waitress. The woman had accused a busboy of stealing her tips and, as a result of that allegation, the busboy was fired. When the busboy's attorney learned that the waitress told the restaurant owner that she did not witness the taking of her money, he told the owner he could be liable for wrongful dismissal of the busboy and the owner agreed to rehire the busboy.

The attorney then contacted the waitress regarding her allegations against the busboy and requested a letter of apology, a retraction of the theft allegation and $200 to pay his attorney fees. He also told the woman she was risking a defamation suit if her accusation was untrue. Soon thereafter Attorney Caldwell was retained by the

waitress in the matter and the busboy's attorney filed a defamation action against the waitress.

Almost a year later, while the defamation action was pending, Attorney Caldwell commenced an action on behalf of his client naming as defendants the busboy's attorney and the busboy's father. In the complaint, Attorney Caldwell claimed, first, that the father wilfully and maliciously attempted, through the attorney, to interfere with the contractual employment relationship between his client and the restaurant owner by attempting to have her disciplined and by attempting to have her discharged, under the pretense that she had slandered the busboy; second, that the busboy's attorney wilfully and maliciously attempted to interfere with the contractual employment relationship of his client with her employer by harassing her with menacing and threatening telephone calls and making veiled threats to her employer that he would be sued if he did not discharge the waitress. The complaint claimed that the conduct of the busboy's attorney caused Attorney Caldwell's client to become nervous and fearful for her employment and that it adversely affected her relationship with members of her family so as to impair the quality of her life and diminish her capacity to enjoy her life and her work.

The referee found, as the Board had alleged, that Attorney Caldwell filed an action which was obviously without legal merit and purported to assert a claim for intentional infliction of emotional distress but failed to allege the elements of that cause of action. Further, that claim was without factual merit, as there were no facts supporting the elements of the claim. In addition, Attorney Caldwell asserted a claim for tortious interference with an employment contract that was obviously without legal merit in that there was no interference with the

waitress's employment relationship—her employment status never changed during the relevant period—and the defendant attorney's actions on behalf of his client were privileged and not improper as a matter of law.

In the action Attorney Caldwell brought, the circuit court granted the defendant attorney's motion for summary judgment and awarded $5,148 costs under the frivolous claim statute. When Attorney Caldwell sought to appeal that judgment, the court of appeals dismissed the notice of appeal insofar as it applied to the order awarding costs for the reason that the notice of appeal was filed beyond the statutory period for bringing an appeal.

In respect to the appeal of the judgment of dismissal, Attorney Caldwell filed a statement that no transcript was necessary. Nevertheless, on motion of the respondent and without objection by Attorney Caldwell, the court of appeals ordered the appellant to make satisfactory arrangements with the court reporter to prepare a transcript of the hearings in the trial court. When Attorney Caldwell failed to make the necessary arrangements, the appeal was dismissed.

In addition to these facts alleged in the Board's complaint, the referee accepted the Board's conclusory allegation that Attorney Caldwell violated former SCR 20.36(1)(a)[1] by filing the action and asserting in it a position on behalf of his client when he knew or when it was obvious that such action would serve merely to har-

---

[1]Former SCR 20.36 provided:

**Representing a client within the bounds of the law.**

    (1) In his or her representation of a client, a lawyer may not:

    (a) File a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

The corresponding current rule is SCR 20:3.1(a)(3).

ass or maliciously injure the defendants. As discipline for that misconduct, the referee accepted the Board's position set forth in its amended complaint and recommended that the court publicly reprimand Attorney Caldwell. He further recommended that Attorney Caldwell be required to pay the costs of this proceeding.

In making that recommendation, the referee referred to *Disciplinary Proceedings Against Lauer,* 108 Wis. 2d 746, 324 N.W.2d 432 (1982) as "a similar matter involving an attorney who knowingly maintained a frivolous lawsuit" and in which the attorney was publicly reprimanded. To the extent that *Lauer* concerned a violation of former SCR 20.36, it is similar to the instant case; however, in *Lauer,* the attorney violated the provision of that rule prohibiting a lawyer from "[k]nowingly advanc[ing] a claim or defense that is unwarranted under existing law, except that the lawyer may advance such a claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law." Former SCR 20.36(1)(b). Here, the provision of that rule Attorney Caldwell was found to have violated prohibits a lawyer from filing a suit, asserting a position, conducting a defense or delaying a trial or taking other action on behalf of a client "when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

While these two provisions of former SCR 20.36 are related, each addresses a distinct aspect of a lawyer's asserting a claim unwarranted under existing law. The provision relevant to this proceeding addresses that conduct in terms of the lawyer's intent and proscribes such action when it is intended to harass or maliciously injure a person. Discipline previously imposed for a violation of the provision of the rule that prohibits an attorney from knowingly advancing a claim unwarranted under

existing law will not necessarily be appropriate discipline to impose for the filing of an action merely to harass a person.

Nevertheless, we are satisfied that the referee's recommendation of a public reprimand is appropriate discipline for Attorney Caldwell's misconduct. The referee stated his recommendation for discipline as follows: "In accordance with the Court's opinion in the *Lauer* case, it appears that the [public reprimand] sought by the Board of Attorneys Professional Responsibility is warranted and appropriate." We note, as the referee may have, that in *Lauer* the attorney twice had declined the Board's offer of a private reprimand as discipline for his misconduct and, although the court believed a private reprimand was sufficient, we imposed a public reprimand because the attorney brought an appeal from the referee's recommendation of a public reprimand and our rules require publication of the final disposition of the disciplinary proceeding. *Lauer, supra,* 759–60. In any event, the recommended discipline is consistent with the public reprimand the court imposed in *Disciplinary Proceedings Against Heilgeist,* unpublished opinion, November 21, 1983, on an attorney who had instituted an unwarranted and meritless libel and malpractice action which the referee concluded "[obviously] would serve merely to harass and maliciously injure" the named defendant.

IT IS ORDERED that Attorney James J. Caldwell is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order James J. Caldwell pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that

time, the license of James J. Caldwell to practice law in Wisconsin shall be suspended until further order of the court.