John SOMMER, Plaintiff,

v.

Patrick J. CARR, American Standard Insurance Company of Wisconsin, The American Insurance Company, Defendants,

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent-Petitioner,

SENTRY INSURANCE COMPANY, Third-Party Defendant-Appellant.

Supreme Court

*No. 79–832. Argued November 25, 1980.—*
*Decided January 6, 1981.*

(Also reported in 299 N.W.2d 856.)

For the petitioner there were briefs by *Arthur J. Vlasak, Roger H. Weede, Stuart B. Eiche* and *deVries, Vlasak & Schallert, S.C.,* of Milwaukee, and oral argument by *Arthur J. Vlasak* and *Stuart B. Eiche.*

For the third-party-defendant-appellant there was a brief by *Robert F. Johnson* and *Cook & Franke, S.C.,* of Milwaukee, and oral argument by *Robert F. Johnson.*

STEINMETZ, J.  Prudential Property and Casualty Insurance Company (Prudential) seeks review of the court of appeals decision.  That court found Prudential's third-party complaint was frivolous and remanded the case to the trial court for the allowance of costs and reasonable attorney fees from Prudential to Sentry Insurance Company (Sentry) pursuant to sec. 814.025, Stats.

Prudential was one of several defendants named in a complaint by the plaintiff.  Prudential then served a third-party complaint on Sentry.  Sentry answered denying applicability of its policy to the accident in which plaintiff sustained injury.  Sentry claimed lack of coverage, knowledge of that deficiency by Prudential and that company's attorney and that the third-party action

was frivolous and therefore Sentry was entitled to costs and reasonable attorney fees pursuant to sec. 814.025, Stats.

Sentry filed a motion for summary judgment which was granted dismissing Prudential's third-party complaint with costs and disbursements as provided under sec. 814.04, Stats. The trial court denied relief requested pursuant to sec. 814.025 and judgment was entered on April 20, 1979.

Sec. 814.025, Stats., provides:

"**814.025    Costs upon frivolous claims and counterclaims.**  (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

"(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

By not allowing costs pursuant to sec. 814.025, Stats., the court of appeals reasoned the trial court impliedly

found Prudential's third-party claim was not frivolous. No findings of fact were made by the trial court as a foundation for that conclusion.[1]

The court of appeals then held that findings of fact of a trial court will be upset on appeal if they are against the great weight and clear preponderance of the evidence. *Bank of Sun Prairie v. Opstein,* 86 Wis.2d 669, 676, 273 N.W.2d 279 (1979). *See also, Guardianship & Protective Placement of Shaw,* 87 Wis.2d 503, 518, 275 N.W.2d 143 (Ct. App. 1979); *Perrenoud v. Perrenoud,* 82 Wis.2d 36, 42–43, 260 N.W.2d 658 (1978).

The court of appeals applied the proper review standard, *i.e.,* "against the great weight and clear preponderance of the evidence" and not the standard requested by Prudential, *i.e.,* "a finding of an abuse of discretion."

The statute requires the trial judge in sub. (3) to find whether "(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another" (or) "(b) The party or the party's attorney knew, or should have known, that the action, . . . was without any reasonable basis in law or equity and could not be supported by a good-faith argument for an extension, modification or reversal of existing law." The statute does not allow the trial judge to conclude frivolousness or lack of it without findings stating which statutory criteria were present, harassment or knowledge or imputed knowledge that there was not "any reasonable basis in law or equity" for the position taken.

---

[1] "When an appellate court is confronted with inadequate findings and the evidence respecting material facts is in dispute, the only appropriate course for the court is to remand the cause to the trial court for the necessary findings." *Wurtz v. Fleischman,* 97 Wis.2d 100, 108, 293 N.W.2d 155 (1980).

The court of appeals was not reversing the trial court's findings. It made its own findings and stated therefore the trial court's failure to impose costs and reasonable attorney fees was in error.

Attitudes such as bad faith, harassment, maliciousness solely for injuring another do not appear in this record unless the trial judge finds them present. If he had done so or denied their presence by findings, then the court of appeals would have been able to review them.

Knowledge or imputed knowledge of the lack of any reasonable basis in law or equity for the stated position or proposition must be found present or lacking by the trial judge before there is a finding to review on appeal.

If there is not enough in the record for the trial judge to make such findings leading to a conclusion of frivolousness or its absence, then the trial court must conduct a hearing for the purpose of reaching such findings and resulting conclusion.

This section of the statute is a reaction to litigants being sued when there was no reason for their legal involvement except bad faith, maliciousness or harassment by someone to injure them. Before this section was adopted there was no way the innocent party could recoup legal expenses without starting a separate action if such relief was available at all for malicious prosecution or abuse of process.[2]

Also, there were people who believed they were being sued to be "blackmailed" into paying something in settlement or else face costs of litigation and they demanded protection.

This court prior to adoption of this section of the statute adopted DR 7–102 which compels an attorney to represent his client "zealously within the bounds of the

[2] *Maniaci v. Marquette University,* 50 Wis.2d 287, 184 N.W.2d 168 (1971); *Thompson v. Beecham,* 72 Wis.2d 356, 241 N.W.2d 163 (1976).

law." The rules governing attorney ethics adopted by this court at 43 Wis.2d ix, lxi (1970), accepting the American Bar Association Disciplinary Rule, states at DR 7–102 (A) (1) (a) of the Code of Professional Responsibility:

"(A) In his representation of a client, a lawyer shall not:
"(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.
"(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law."

Also, every attorney licensed to practice law in Wisconsin has sworn that he/she "will not counsel or maintain any suit or proceeding which shall appear . . . to be unjust, or any defense, except such as I [he/she] believe[s] to be honestly debatable under the law of the land."[3]

---

[3] "757.29 **Attorneys regulated.** (1) ATTORNEY'S OATH. Each person admitted to practice as a member of the bar of any court of this state shall subscribe the roll of attorneys to be kept by the clerk and shall in open court take an oath or affirmation of the tenor following, to wit: I do solemnly swear:
"I will support the constitution of the United States and the constitution of the state of Wisconsin;
"I will maintain the respect due to courts of justice and judicial officers;
"I will not counsel or maintain any suit or proceeding which shall appear to me to be unjust, or any defense, except such as I believe to be honestly debatable under the law of the land;
"I will employ, for the purpose of maintaining the causes confided in me, such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law;

There is a fear in administering sec. 814.025, Stats., that upon a trial court finding a position to be frivolous that automatically the Board of Attorneys Professional Responsibility will investigate the involved attorney for unethical conduct. In fact, there was a notice in the November 1980, Vol. 53, No. 11 issue of the Wisconsin Bar Bulletin that the board intended to conduct such investigations.[4]

---

"I will maintain the confidence and preserve inviolate the secrets of my client and will accept no compensation in connection with my client's business except from my client or with my client's knowledge and approval;

"I will abstain from all offensive personality and advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the cause with which I am charged;

"I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any person's cause for lucre or malice. So help me God."

[4] "ATTORNEYS ASSESSED COSTS FOR FRIVOLOUS ACTIONS TO BE INVESTIGATED.

"The Board of Attorneys Professional Responsibility, the Supreme Court agency charged with the responsibility of investigating possible misconduct, advises attorneys that when a Wisconsin court assesses costs or attorneys fees for bringing frivolous claims or actions pursuant to sec. 814.025, Wis. Statutes, they can expect to be investigated by the Board. In formulating sec. 814.025 the legislature used verbiage nearly identical to that within the code of Professional Responsibility, SCR 20.36 (formerly DR7–102). Under these circumstances, a court making a finding that sec. 814.025 is applicable must find the facts which indicate possible violation of the disciplinary rule in SCR 20.36.

"The Board of Attorneys Professional Responsibility has written to all State courts asking that judges notify the Board of instances in which they assess costs for frivolous actions. In addition, an attorney prevailing on a motion to have costs assessed under sec. 814.025 has a duty to notify the Board pursuant to a lawyer's obligation to report possible misconduct under SCR 20.05 (formerly DR1–103).

"The Board has undertaken investigation of several recent cases where the statute has been applied. The preliminary examination

There is also a fear that the strict application of sec. 814.025, Stats., will stifle the innovative theories of law being presented in court, whether such theories be those of plaintiffs or defendants.

This court has already ruled that sec. 814.025, Stats., does not apply to city attorneys prosecuting ordinance violations in the *City of Janesville v. Wiskia,* 97 Wis.2d 473, 293 N.W.2d 522 (1980). The court said at page 482:

"We believe that the application of sec. 814.025, Stats., allowing defendants to recover costs for frivolous claims in quasi-criminal ordinance violations would be inconsistent with our reasoning in prior case law allowing a prosecutor to exercise his independent judgment and discretion. If we were to allow the recovery of monetary sanctions in an action subsequently found to be frivolous, we would adversely inhibit the prosecutor's free exercise of discretion and interfere with responsible and effective enforcement of the laws. Therefore, we hold that sec. 814.025, as enacted, is not applicable in quasi-criminal actions (ordinance violations) where the decision to proceed with the action is based on prosecutorial discretion."

The court of appeals analyzed the affidavits, documentation and pleadings as the trial court had done to grant the motion for summary judgment. The court of appeals held as follows:

"The great weight and clear preponderance of the evidence requires a finding that Prudential's claim was frivolous because Prudential or its attorney should have known, on the basis of the information provided by Sentry, that the cross-complaint was 'without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of the existing law.' Sec. 814.025 (3) (b), Stats.

of those cases indicated that discipline was not warranted in each case that the provisions of sec. 814.025 were applied. Nonetheless, the Board has determined that it must investigate cases where the statute is applied in order to discharge its responsibility to investigate instances of possible misconduct."

The policy provisions of the Sentry policy are clear and unambiguous, and as applied to the undisputed facts of the case, do not support a reasonable basis for recovery."

The issue is not whether there is a reasonable basis for recovery, in other words a claim with merit, but whether the attorney or Prudential knew or should have known the claim was frivolous. The court of appeals stated in effect that when there is no merit to the claim, the only conclusion is that the attorney should have known there was no reasonable basis in law or equity for the claim. The question is not whether a party can or will prevail, but rather is that party's position so indefensible that it is frivolous and should that party or its attorney have known it.

Is the standard that is to be applied that of the attorney with many years of specialized practice representing insurance companies or is it that of the newly admitted attorney to the practice of law? In other words, will a subjective or objective standard be applied to the attorney's decision? The statute applies if the party or attorney knew or "should have known." This would appear to call for a subjective determination, *i.e.*, what was in the person's mind and were his or her actions deliberate or impliedly intentional.

This court finds appropriate the objective standard of what would a reasonable attorney have done under the same or similar circumstances. To use a subjective standard would establish as many tests as there are attorneys practicing law in this state. Also, the court must be convinced by a preponderance of the evidence that the position taken was frivolous.

Counsel for Prudential argues in his brief that at the motion for summary judgment hearing counsel for the plaintiff and counsel for American Standard appeared and supported Prudential's position, which is now found

by the court of appeals to be frivolous. Lawyers, of course, know that counsel frequently take positions favoring their clients which they might later abandon as unsupportable. However, these attorneys as officers of the court in spite of the duty they owed the court, did take a position which is now found to be frivolous by the court of appeals. The attorney for Sentry argues that agreement of the other two attorneys was outside of the record of this appeal, however, he admits it did occur, but categorizes it as coming "in the form of a cursory statement by both counsel for plaintiff and counsel for American Standard Insurance Company that they simply agreed with respondent." Counsel argues that the trial court certainly didn't base its ruling on such acquiescence in finding the claim was not frivolous.

While not controlling, this reference to "cursory" support is a convincing reason to require the trial court to make findings leading to its conclusion of frivolousness of a position. Motion practice in the state allows for argument of counsel to be heard without being recorded unless the court orders or the parties request a record. The trial judge has the benefit of this argument and positions taken by all counsel in the case, and if desired or appropriate, may conduct a hearing or require affidavits directed to the issue of frivolousness of a position taken in the action.

" 'This court has consistently held that at common law costs were unknown, and that in this state costs are regulated exclusively by statute as a matter of legislative discretion.' *Milwaukee v. Leschke,* 57 Wis.2d 159, 161, 203 N.W.2d 669 (1973). In the absence of a statute authorizing costs, they are not recoverable. *City of Beloit v. Town of Beloit,* 47 Wis.2d 377, 392, 177 N.W.2d 361 (1970)." *State ex rel. Korne v. Wolke,* 79 Wis.2d 22, 24–25, 255 N.W.2d 446 (1977).

The legislative history of sec. 814.025, Stats., discloses that the original attempt by the legislature was Assembly Bill 568 which was returned to the Assembly by the then Governor Patrick J. Lucey "without my approval."

The original bill defined frivolous to mean "not honestly debatable under law."

The Governor feared that law might act as a deterrent to low and moderate income individuals from seeking judicial remedies due to costs which might be imposed on them.

That original attempt was also lacking in Governor Lucey's approval since it did not give the court discretion in imposing "reasonable" fees or costs.

The present section of the statute was adopted in ch. 209, Laws of 1977.

If the court finds a claim frivolous, then under the section it must allow "reasonable attorney" fees (sec. 814.025(1), Stats.). Certainly, the standard applied by this court is no more difficult. That standard being whether the attorney knew or should have known the position taken was frivolous as determined by what a *reasonable attorney* would have known or should have known under the same or similar circumstances.

This same objective test can be applied to a "party" as to the party's attorney, since not all parties will be insurance companies with experienced trained personnel.

This court is aware that this imposes once again a heavy duty on the trial bench of this state. However, since the legislature has adopted sec. 814.025, Stats., as the law and for a worthwhile purpose, the trial courts must enforce it for the additional purpose of maintaining the integrity of the judicial system and the legal profession.

The cause is remanded to the trial court for findings to be made leading to that court's determination that the

position of the third-party plaintiff was or was not frivolous and imposition of sec. 814.025, Stats., if appropriate, to that court's findings.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the trial court.