Dr. William M. STOLL and Frances M. Stoll,
Plaintiffs-Appellants,

v.

Ronald J. ADRIANSEN, d/b/a Adriansen Construction,
Defendant and Third-Party Plaintiff-Respondent,

Verne CONDER, Melvin W. Brotski, d/b/a Melvin W.
Brotski Plumbing & Heating, Robert Fellows, d/b/a
Fellows Elecric Service, Hockers Bros. Brick & Tile
Co., Inc., Badger Sheet Metal Works, Harvey Keyser,
Green Bay Kitchen Mart, Inc., and Venetian Marble
of Madison, Inc., Third-Party Defendants.†

Court of Appeals

*No. 83–1673. Submitted on briefs July 9, 1984.—
Decided December 27, 1984.*
(Also reported in 362 N.W.2d 182.)

---

† Petition to review denied.

504

For the appellants the cause was submitted on the briefs of *Will, Flatley & Smith* of Green Bay.

For the respondent the cause was submitted on the brief of *Carl W. Kuehne* and *Kuehne & Dietz* of Green Bay.

Cane, P.J., Dean and Nettesheim, JJ.

NETTESHEIM, J. William Stoll and Frances Stoll appeal from the trial court's judgment granting Ronald Adriansen attorney fees and costs pursuant to the frivolous action statute, sec. 814.025, Stats. The Stolls also appeal the denial of their motion for similar relief under the same statute.[1] We conclude that the trial court properly applied sec. 814.025 and affirm the judgment.

The Stolls and Adriansen entered into an oral agreement for construction of a residence in DePere, Wisconsin. Adriansen, a building contractor, began construction in 1972, and the Stolls moved into the house in April 1973.

In December 1976, the Stolls brought this action against Adriansen for negligent and careless construction of their home. The Stolls alleged several different claims of negligent construction in the complaint. They also claimed damages for diminution in the value of the house and for inconvenience associated with the alleged defects. Adriansen counterclaimed, alleging defamation and intentional infliction of emotional distress.

---

[1] Section 814.025, Stats., provides:

**Costs upon frivolous claims and counterclaims.** (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

A jury trial was held in December 1980. The trial lasted eight days and involved nine attorneys. Several of the Stolls' claims were dismissed before the case went to the jury. The jury found no negligence on the part of Adriansen. After verdict, Adriansen claimed the Stolls' action was frivolous and requested reasonable attorney fees and costs under sec. 814.025, Stats. The Stolls also requested reasonable attorney fees and costs, claiming that Adriansen's counterclaim was frivolous. After evidentiary hearings on these claims, the trial court granted Adriansen's motion and ordered that he recover $12,069 plus costs and disbursements. The Stolls' motion was denied.

We first consider whether the trial court could properly assess attorney fees and costs under sec. 814.025, Stats., after denying Adriansen's motion for summary judgment and after choosing to submit the case to the jury over Adriansen's motion for directed verdict. The Stolls claim that the trial court's refusal to terminate their claims at these earlier stages precludes a finding of frivolousness as a matter of law.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

■
The question of the application of a statute to a particular set of facts presents a question of law. *Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). When considering a question of law, we owe no deference to the trial court's decision. *Behnke v. Behnke*, 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981).

■
We conclude that the trial court properly granted the motion for attorney fees and costs even though the motion was granted after the case was submitted to the jury. Section 814.025(1), Stats., permits the trial court to make a determination of frivolousness at any time preceding judgment or upon judgment:

If an action . . . commenced or continued by a plaintiff . . . is found, *at any time during the proceedings or upon judgment,* to be frivolous by the court, the court shall award to the successful party costs . . . and reasonable attorney fees. [Emphasis added.]

The question of frivolousness is not determined in the same manner as motions for summary judgment or directed verdict. Nevertheless, the Stolls contend that it is illogical to find sufficient merit to submit an action to the jury and subsequently find the action frivolous. We disagree.

■
A trial court should not take a case away from a jury except in extreme and unusual situations. *Millonig v. Bakken*, 112 Wis. 2d 445, 449–50, 334 N.W.2d 80, 83 (1983); *Village of Menomonee Falls v. Michelson*, 104 Wis. 2d 137, 154, 311 N.W.2d 658, 666 (Ct. App. 1981). Furthermore, the supreme court has repeatedly admonished trial judges that, where there is a motion for directed verdict, it is the better practice to reserve the

ruling on the motion and submit the matter to the jury. *Samson v. Riesing,* 62 Wis. 2d 698, 704, 215 N.W.2d 662, 665 (1974). This was the procedure utilized by the trial court here. We conclude it was proper for the trial court to submit the case to the jury and make a later determination as to frivolousness.

The next issue is whether the trial court may find some claims constituting an action frivolous and others not frivolous. The trial court determined that sec. 814.025, Stats., permits such separate findings and proceeded to rule that all but one of the Stolls' claims were frivolous. The statute provides costs and attorney fees if *an action* or special proceeding is found frivolous. The Stolls contend that this language requires the trial court to find all claims constituting an action to be frivolous before costs and attorney fees can be assessed. We agree with the trial court's interpretation of the statute.

This again presents a question of statutory interpretation to which we owe no deference to the determination of the trial court. *Behnke,* 103 Wis. 2d at 452, 309 N.W.2d at 22. In construing a statute, the primary goal is to reach a reasonable construction which will effectuate the statute's purpose. *State ex rel. Melentowich v. Klink,* 108 Wis. 2d 374, 380, 321 N.W.2d 272, 275 (1982). The primary source of statutory construction is the language of the statute itself. *Kimberly-Clark Corp. v. Public Service Commission,* 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). If the statutory language is plain and clearly understood, that meaning must be given to the statute. *In re Athans,* 107 Wis. 2d 331, 335, 320 N.W.2d 30, 32 (Ct. App. 1982). However, so as to avoid unreasonable and absurd consequences, the plain meaning of the statute should not be extended without restriction. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 116, 260 N.W.2d 25, 30 (1977).

We conclude that the language of sec. 814.025, Stats., which refers to "an action or special proceeding" and "a counterclaim, defense or cross-complaint" is ambiguous insofar as it fails to advise whether it applies to the entire legal posture taken by a litigant in an action or only to a portion of it. A statute is ambiguous if it can be construed in two or more ways by reasonably well-informed persons. *American Industrial Leasing Co. v. Geiger*, 118 Wis. 2d 140, 146, 345 N.W.2d 527, 530 (Ct. App. 1984).

When an ambiguity in statutory language is present, we must determine the legislative intent from the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. *County of Milwaukee v. Proegler*, 95 Wis. 2d 614, 625, 291 N.W.2d 608, 613 (Ct. App. 1980).

The obvious purpose of sec. 814.025, Stats., is to deter litigants and attorneys from commencing or continuing frivolous actions and to punish those who do so. The trial court must enforce sec. 814.025 for the purpose of maintaining the integrity of the judicial system and the legal profession. *Sommer v. Carr*, 99 Wis. 2d 789, 799, 299 N.W.2d 856, 861 (1981).

Although there is no express authority in sec. 814.025, Stats., to separately consider the frivolousness of various claims which constitute an action, we conclude that a reasonable and sensible reading of the statute requires such an approach. To conclude otherwise would frustrate the obvious purpose of the statute. Were we to accept the Stolls' argument, a party could assert a marginally meritorious claim and numerous frivolous claims but yet avoid the statute's sanctions. This interpretation is unreasonable because it allows for the

very abuse of the judicial system that the statute seeks to prevent. Unreasonable and absurd consequences in the application of the statute are to be avoided even where the language of the statute conveys a plain meaning. *White v. General Casualty Co.*, 118 Wis. 2d 433, 438, 348 N.W.2d 614, 617 (Ct. App. 1984).

A more reasonable interpretation allows the trial court to determine the frivolousness of the various claims constituting an action or a defense. The purpose of sec. 814.025, Stats., is thereby fulfilled. We therefore agree with the trial court's determination that it could properly find some claims within an action frivolous and some not frivolous.

The Stolls next argue that their action was not frivolous because there was a reasonable basis in law or equity for commencing the action.[2] The trial court assessed Adriansen's attorney fees and costs against the Stolls[3] after making a determination of frivolousness under sec. 814.025(3)(b), Stats., which requires a finding that "[t]he party or the party's attorney knew, or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

---

[2] The Stolls also argue that the trial court improperly considered the financial status of the parties in determining whether to award attorney fees under sec. 814.025, Stats. Our review of the record indicates that the trial court found the Stolls' claims frivolous and then discussed the reasonableness of the attorney fees incurred by Adriansen. It was in determining the reasonableness of the attorney fees that the court noted it would be no hardship for the Stolls to pay Adriansen's attorney fees. We need not determine, therefore, whether the trial court improperly considered the Stolls' financial status in determining frivolousness because it was not a consideration in making that determination.

[3] Adriansen's attorney fees and costs were assessed only against the Stolls and not against their attorney.

The question of whether a reasonable attorney or litigant would or should have concluded that a claim is without reasonable basis in law or equity presents a mixed question of law and fact. *State v. State Farm Fire & Casualty Co.,* 100 Wis. 2d 582, 601, 302 N.W.2d 827, 837 (1981). A determination of what a reasonable attorney or litigant would or should have known with regard to the facts requires the trial court to determine what those facts were. This presents a question of fact. *Id.* at 602, 302 N.W.2d at 837. Findings of fact will not be overturned on appeal unless they are clearly erroneous. Sec. 805.17(2), Stats. However, the legal significance of those findings, in terms of whether knowledge of those facts would lead a reasonable attorney or litigant to conclude the claim is frivolous, presents a question of law. *State Farm Fire & Casualty Co.,* 100 Wis. 2d at 602, 302 N.W.2d at 837.

To establish a claim of negligent construction, the Stolls had to prove that Adriansen failed to use such care as used and provided by contractors of reasonable prudence, skill, and judgment. See Wis J I—Civil 1022.4 (1981). They also had to prove that the failure to use such care caused the damage claimed. *See Fondell v. Lucky Stores, Inc.,* 85 Wis. 2d 220, 227, 270 N.W.2d 205, 209 (1978).

The trial court found that the Stolls should have known that Adriansen did an excellent job in constructing their house. With the exception of one claim,[4] the trial court found the Stolls' numerous other claims to be frivolous. The trial court indicated that the total lack of proof as to these claims would indicate to a reasonable person that there was no reasonable basis for asserting them. We agree.

---

[4] This pertained to the loosening of some of the Venetian tile in a bathroom.

There is no evidence to indicate that the problems in the Stolls' house were caused by a lack of ordinary care on the part of Adriansen. Most of the alleged defects were not hidden or concealed and arose three years after construction of the residence was completed. A number of the Stolls' witnesses testified to the good reputation of Adriansen. Not one witness expressed an opinion that Adriansen was negligent in the construction of the house. Stoll expressed high praise and compliments for Adriansen's ability as a builder. While there is testimony as to the maintenance problems the Stolls had, the testimony did not establish that the problems were caused by a failure of Adriansen to exercise ordinary care. Furthermore, there was no evidence presented as to the alleged diminished value of the Stolls' home. The trial court found that the Stolls knew or should have known of these facts. These findings are not clearly erroneous. *See* sec. 805.17(2), Stats.

Based upon these findings, the trial court made the legal conclusion that it was unreasonable for the Stolls to pursue their claims of negligence against Adriansen. In reviewing a question of law, we owe no deference to a trial court's determination. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W. 2d 251, 253 (1977). The trial court's factual determinations, however, lead us to independently conclude that a reasonable litigant, armed with knowledge of these facts, knew or should have known that pursuing a claim for negligent construction would be "without any reasonable basis in law or equity." *See* sec. 814.025(3)(b), Stats.[5] Nor can such a claim "be supported by a good

[5] Although both parties address the application of sec. 814.025 (3)(a), Stats., the trial court specifically limited its finding of frivolousness to subsec. (3)(b). Subsection (3)(a) requires a finding that the *sole* purpose of the lawsuit was to harass the

faith argument for an extension, modification or reversal of existing law." *Id.*

Although sec. 814.025, Stats., does not require the highest level of competence or legal ability, the statute assumes and requires an adequate investigation of the facts and law. *In re Estate of Bilsie,* 100 Wis. 2d 342, 350, 302 N.W.2d 508, 514 (Ct. App. 1981). The issue, however, is not whether a party can or will prevail but whether the party's position is so indefensible that it is frivolous and the party should have known it. *Sommer,* 99 Wis. 2d at 797, 299 N.W.2d at 859. Here, the total lack of evidence necessary to prove negligence would lead a reasonable party to conclude under the facts of this case that assertion of such a claim would be frivolous. We therefore affirm the trial court's assessment of costs and reasonable attorney fees against the Stolls.

The final issue on appeal is whether the trial court properly denied the Stolls' motion for attorney fees under sec. 814.025, Stats. In his responsive pleading to the Stolls' complaint, Adriansen counterclaimed alleging defamation and intentional infliction of emotional distress. The trial court determined that there was insufficient proof of the emotional distress counterclaim and did not submit it to the jury. The Stolls argue that the counterclaims were frivolous under sec. 814.025(3)(b) because there was no reasonable basis in law or equity for the claims.[6] We conclude that the trial court properly denied the motion.

---

other party. The trial court found that while harassment was the Stolls' primary purpose, they also sought a money judgment. This finding is not clearly erroneous. Sec. 805.17(2), Stats. Therefore, sec. 814.025(3)(a) cannot be a basis for finding the Stolls' claims frivolous.

[6] The Stolls do not argue that the counterclaim is frivolous under sec. 814.025(3)(a), Stats., which requires a finding of bad faith or a purpose to harass or maliciously injure another.

Four factors must be established to prove a claim of intentional infliction of emotional distress: (1) the conduct was intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) the conduct was the cause of the person's emotional distress, and (4) the emotional distress must be extreme and disabling. *Anderson v. Continental Insurance Co.,* 85 Wis. 2d 675, 695, 271 N.W.2d 368, 378 (1978).

The trial court found that the Stolls initiated their action out of anger at Adriansen due to his refusal to replace a sidewalk at the Stolls' residence. The trial court also found that Adriansen suffered emotionally due to the filing of the negligence action and discontinued much of his business during this period due to the lawsuit. There is evidence to support these findings which we conclude are not clearly erroneous. *See* sec. 805.17(2), Stats.

Adriansen testified that it was only upn his refusal to replace the sidewalk that the Stolls threatened to commence litigation. This incident occurred three years after construction of the residence was completed. Adriansen testified at post-verdict motions hearings that he suffered emotionally as a result of the Stolls' complaint. He testified that it affected him both mentally and physically and had a negative effect on his confidence as a builder. Furthermore, he testified that he developed a skin condition, for which he sought medical treatment, as a result of the emotional distress.

Dr. Arthur Haines also testified as to Adriansen's skin condition. Although he was not the physician treating Adriansen, he rendered a medical opinion based on his observation of Adriansen during several conversations. Dr. Haines testified that Adriansen had an existing skin condition which was aggravated by stress. In the absence of any other source of stress, Dr. Haines

testified that involvement in the lawsuit probably caused the aggravation of the skin condition.

The record also reveals that Adriansen left the building business for a three-month period sometime after the lawsuit was commenced. The reason for doing so was Adriansen's concern, resulting from the lawsuit, for his ability as a builder.[7]

We agree with the trial court that knowledge of these facts presents a reasonable basis for a claim of intentional infliction of emotional distress. The fact that the trial court refused to submit the counterclaim to the jury does not mandate a finding of frivolousness. As previously noted, the issue is not whether a party can or will prevail but whether the position taken is so indefensible that it is frivolous and the party should have known it. *Sommer,* 99 Wis. 2d at 797, 299 N.W.2d at 859. We cannot conclude that Adriansen's counterclaim was so indefensible that it was frivolous. We therefore affirm the trial court's denial of the Stolls' motion for attorney fees under sec. 814.025, Stats.

We also agree that there was a reasonable basis in law for Adriansen's counterclaim alleging defamation. The elements of a defamatory communication are: (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed, and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. Wis JI— Civil 2500 (1984).

---

[7] This evidence was presented as an offer of proof during the trial of the principal action. However, the trial court alluded to it in the course of its findings on the questions of frivolousness.

At the post-verdict motion hearing, Adriansen testified as to his reasons for asserting the defamation counterclaim. Adriansen indicated that he knew Stoll had discussed his workmanship with certain subcontractors. Adriansen explained that these actions questioned his ability as a homebuilder and raised doubts as to his integrity. The result, testified Adriansen, was detrimental to his reputation as a homebuilder.

Adriansen's testimony presents a reasonable basis in law for the assertions in the counterclaim. The issue is not whether Adriansen would prevail, but whether his position was so indefensible that it was frivolous and Adriansen should have known it. *See Sommer,* 99 Wis. 2d at 797, 299 N.W.2d at 859.

We further conclude that Adriansen did not continue his counterclaim for defamation following the Stolls' pretrial motion to dismiss this claim. The trial court conducted a hearing on this motion on March 20, 1978. Following the hearing, the trial court took the motion to dismiss under advisement. The record does not reveal a subsequent decision on the motion. All subsequent pretrial events are silent as to the defamation counterclaim. Nor was there any mention of the defamation counterclaim at trial. No proof was submitted and no jury instructions or verdict questions were requested concerning the defamation counterclaim. Implicit in Adriansen's conduct both before trial and at trial is that the defamation counterclaim was abandoned before trial. A claim is not frivolous simply because a party fails to pursue it.

The Stolls thus failed to prove that Adriansen continued a frivolous counterclaim. They point to nothing in the record except Adriansen's failure to put in proof of defamation at trial. Furthermore, the Stolls do not assert that they were forced to defend against the coun-

terclaim at trial. Therefore, we cannot conclude that Adriansen continued or pursued a frivolous counterclaim.

*By the Court.*—Judgment affirmed.