**Marcella A. BRASKI, Plaintiff,**

v.

**AH–NE–PEE DIMENSIONAL HARD-WOOD, INC., a Wisconsin corporation, a/k/a D & C Liquidating Corp., a Wisconsin corporation, Clark Schuette and Penteco Wood Products, Inc., a Florida corporation, Defendants.**

No. 85–C–533–S.

United States District Court, W.D. Wisconsin.

March 11, 1986.

Rosemary J. Fox, Madison, Wis., for plaintiff.

Gary R. McCartan, Wausau, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

After trial in the above entitled matter the jury on January 16, 1986 found that the defendants did not terminate plaintiff's employment on the basis of her age or sex. The Court then entered judgment upon the verdict, dismissing plaintiff's complaint, after first finding additional facts concerning the Title VII discrimination cause of action.

The plaintiff presented a *prima facie* case concerning her Title VII claim, but did not prevail because the defendant employer articulated a legitimate business reason for plaintiff's termination which was not pretextual in nature. For apparently the same reason she lost her Age Discrimination Employment Act (ADEA) claim as well.

The plaintiff's third cause of action, a pendent state claim for intentional infliction of emotional distress, did not reach the jury. Defendants' directed verdict motion was granted for those reasons enunciated from the bench, the plaintiff having failed to prove any of the required four elements of her claim.

There is presently before the Court defendants' counterclaim alleging plaintiff's claim for intentional infliction of emotional

distress is frivolous pursuant to Wis.Stats. § 814.025. In deciding this issue there are a number of extraneous matters which will not be considered. They are enumerated as follows:

1. The applicability of defendants' counterclaim to plaintiff's discrimination causes of action.

The defendants have not alleged in their counterclaim that plaintiff's discrimination causes of action are frivolous. Plaintiff was able to demonstrate a *prime facie* case in those causes of action, and the substantial evidence submitted by the defendants to prove a legitimate business reason for plaintiff's termination created a *bona fide* factual issue to be determined.

2. The availability of this pendent state claim for intentional infliction of emotional distress when sex and age discrimination causes of action are also pled.

The defendants do not suggest that this cause of action is precluded, and precedent for this pleading has been previously established, although not by this Court.

3. The applicability of Rule 11, Federal Rules of Civil Procedure.

This rule usually governs the award of attorney's fees for frivolous complaints in a federal court. Although Rule 11 is perhaps sufficiently substantive to apply in this situation, nonetheless the parties have selected the law which will govern, having litigated the claim for emotional distress and the counterclaim entirely under Wisconsin law.

4. Any good faith argument for an extension, modification or reversal of existing law.

Plaintiff has not so argued apparently believing, as does the Court, that support does not exist for any such argument. Accordingly, this Court is relieved from any determination that the applicable Wisconsin law is in the throes of change sufficient to allow it to keep up, realizing that a federal court may not modify, extend or reverse state law under *Erie RR v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. The granting of a directed verdict does not mandate a finding by the Court that an action is frivolous, any more than a denial of that motion precludes such a finding. *Stoll v. Adriansen*, 362 N.W.2d 182 (Wis. App.1984) p. 189.

6. The fact that two of plaintiff's claims were not frivolous does not preclude this Court from separately considering one which may be frivolous, *Stoll.*

## OPINION

Wis.Stats. § 814.025:

Costs upon frivolous claims and counterclaims.

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was

without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

■ An examination of those elements which constitute a cause of action for the intentional infliction of emotional distress indicates they are the same today:

Four factors must be established to prove a claim of intentional infliction of emotional distress: (1) the conduct was intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) the conduct was the cause of the person's emotional distress, and (4) the emotional distress must be extreme and disabling.

*Stoll*, (1984) as they were when this cause of action was first recognized by the Wisconsin Supreme Court 23 years ago.

The statement of the standard for liability needs some elaboration. Four factors must be established for an injured plaintiff to recover:

(1) The plaintiff must show that the defendant's conduct was intentional; that is to say, the defendant behaved as he did for the purpose of causing emotional distress for the plaintiff.

(2) In addition to being intentional, the defendant's conduct must be extreme and outrageous. The average member of the community must regard the defendant's conduct in relation to the plaintiff, as being a complete denial of the plaintiff's dignity as a person. The requirement that the conduct be extreme and outrageous reflects our concern with the difficulties surrounding proof of the existence of severe emotional harm, and proof of a causal relationship between the injury and the defendant's conduct. If the conduct is gross and extreme it is more probable that the plaintiff did, in fact, suffer the emotional distress alleged. Moreover, the requirement of extreme and outrageous conduct as a condition of recovery will avoid litigation "in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than law."

(3) The plaintiff must demonstrate that the defendant's conduct was a cause-in-fact of his injury. The mere fact that a person may have had some pre-existing susceptibility to emotional distress does not necessarily preclude liability. A person who bullies another who is emotionally vulnerable shall be deemed liable for intensifying a pre-existing condition of psychological stress. However, a defendant will have the opportunity to demonstrate that the plaintiff's disabling emotional condition would have been present even in the absence of the defendant's intervening conduct. If the defendant should successfully make this demonstration, he would establish that this conduct was not a cause in fact of the injury, hence there would be no liability.

(4) The plaintiff must demonstrate that he suffered an extreme disabling emotional response to the defendant's conduct. The severity of the injury is not only relevant to the amount of recovery, but is a necessary element to any recovery. The plaintiff must demonstrate that he was unable to function in his other relationships because of the emotional distress caused by defendant's conduct. Temporary discomfort cannot be the basis of recovery.

*Alsteen v. Gehl*, 124 N.W.2d 312, 21 Wis.2d 349 (1963).

Having discussed those four requisite elements which the plaintiff must meet in order to prevail on her claim for the intentional infliction of emotional distress, we must next determine whether the defendant is entitled to relief under Wis.Stats. § 814.025.

The issue is not whether there is a reasonable basis for recovery, in other words a claim with merit, but whether the attorney or Prudential knew or should have known the claim was frivolous. The court of appeals stated in effect that when there is no merit to the claim, the only conclusion is that the

attorney should have known there was no reasonable basis in law or equity for the claim. The question is not whether a party can or will prevail, but rather is that party's position so indefensible that it is frivolous and should that party or its attorney have known it.

\*　　\*　　\*　　\*　　\*　　\*

This court finds appropriate the objective standard of what would a reasonable attorney have done under the same or similar circumstances. To use a subjective standard would establish as many tests as there are attorneys practicing law in this state. Also, the court must be convinced by a preponderance of the evidence that the position taken was frivolous.

*Sommer v. Carr*, 299 N.W.2d 856, 99 Wis.2d 789 (1981).

Taking the testimony most favorable to the plaintiff, we find that on June 24, 1983, this 53-year-old female employee was terminated from her job of four years duration with the defendant Ah-Ne-Pee Dimensional Hardwood, Inc. In terminating her on that day the defendant Clark Schuette told plaintiff he could no longer trust her and might be required to tell others. Because of these comments, plaintiff had such a loss of self-esteem she could not adequately interview for another job for at least seven months. She did not consult a physician nor seek medication or hospitalization, but instead discussed the incident with her daughter, a psychiatric social worker, and sought counselling from a local job center in March 1984.

In preparation for trial, plaintiff interviewed with Dr. John Greist, a psychiatrist, for 90 minutes on January 13, 1986. Dr. Greist testified to her depressed condition after the termination; her loss of sleep, memory, appetite and interest during the seven month period, with some residuals until May 1984, when the condition abated.

Defendants' motion for dismissal of this claim filed January 9, 1986, would no doubt have been favorably considered by the Court had it not been filed on the eve of trial. The last date for the filing of dispositive motions was established by the Court at the final pre-trial conference as December 1, 1985, in order to allow opposing counsel to respond.

The question remains for this Court to determine whether a reasonable attorney or litigant would or should have concluded the claim is without reasonable basis in law or equity: a determination of what a reasonable attorney or litigant would or should have known concerning the facts.

The plaintiff and her attorneys knew that for a period of four years she had a relatively responsible position as office manager of the defendant Ah-ne-pee and that her relationshipship with Clark Schuette was a good one. In recognizing the claim for the intentional infliction of emotional distress, Justice Wilkie, in writing for the Court in *Alsteen v. Gehl*, recognized this cause of action would give support to the basic value commitment of our society and legal system—respect for human personality. Justice Wilkie discussed holding the bullying party liable; the affirmance of an injured party's value as a person and the expression of moral disapproval of a person who treats others as mere things to be manipulated for his own ends. The discussion further concerned treating another as an object to be deliberately manipulated, humiliated and scorned. The Court further recognized the factual basis for the rule of no recovery for emotional distress to be altered, there being a time when techniques for gathering reliable information about psychological experience were lacking. The Justice recognized that we now possess the tools where we can intelligently evaluate claims of emotional injury, stating at page 317 as follows:

Psychiatry and clinical psychology, while not exact sciences, can provide sufficiently reliable information relating to the extent of psychological stress, and to the causal relationship between the injury and the defendant's conduct, to enable a trier of fact to make intelligent evaluative judgments on a plaintiff's claim.

Concluding, before a discussion of the requisite factors,

that there is no reason to retain a long standing legal rule when the factual assumptions underlining the norm are no longer supportable.

This language does in no way permit a plaintiff or her attorney to indiscriminately file an action for the intentional infliction of emotional distress without at least some initial inquiry as to whether or not the position is justifiable.

In this case we have at the outset nothing whatsoever to indicate that the plaintiff can satisfy any of the four factors to be considered.

■ There is nothing in the record to indicate that Clark Schuette behaved as he did for the purpose of causing emotional distress for the plaintiff. His discussions were with a valued employee whom he advised he could no longer trust. Surely this conduct cannot be considered extreme and outrageous. No average member of a community could believe that the conduct of Clark Schuette was a complete denial of the plaintiff's dignity as a person. This Court has difficulty in believing that the conduct was even bad manners, but in any event Justice Wilkie was prophetic when he suggested that relatively minor annoyances had better be dealt with by other methods than the law. Nothing has been demonstrated that Schuette's conduct was a cause of the injury because there was no injury.

Finally, even if plaintiff at the outset would have been able at her initial interview with her counsel to convince them that she was bullied, castigated and humiliated by some outrageous conduct on the part of her employer, certainly there was nothing at any time, particularly at the time of the commencement of this action, to indicate that the plaintiff suffered an extreme disabling emotional response to the defendants' conduct.

No medical testimony was available to plaintiff, her counsel, defendants, or the Court until sometime well after commencement of this action, perhaps more than two and one-half years after the incident in question. Any limited distress to which Dr. Greist testified was only temporary at best, for perhaps a period of seven months. To prevail, temporary discomfort cannot be the basis of recovery.

This Court is of the opinion, and specifically finds, that the plaintiff Marcella A. Braski, and certainly her attorneys, knew, or should have known, that the action for intentional infliction of emotional distress was without any reasonable basis in law or equity, either from its inception, during the pendency of this action, or up to and including trial. The Court specifically finds that a reasonable attorney under the same or similar circumstances would have further investigated plaintiff's claim before commencing an action upon it, or would have agreed to a voluntary dismissal along the way when it became unequivocally clear that plaintiff had only a temporary loss of self-esteem. No shoring up by Dr. Greist from his 90-minute interview with the plaintiff could be expected to save this action from a dismissal. Accordingly, the defendants may prevail on their counterclaim, it being determined that plaintiff's action for intentional infliction of emotional distress is frivolous.

In defendants' supplemental brief and affidavit, attorneys' fees are computed to be in the amount of $14,187.50. Two of the three claims, although marginal upon their merits, were appropriate, and a defense would have been required in any event. The Court believes it is fitting and proper, however, to allocate one-third of the attorneys' fees to this frivolous claim, and believes that the amount of $4,729.00 as attorneys' fees is appropriate.

Accordingly,

## ORDER

IT IS ORDERED that defendants' motion for judgment granting defendants' counterclaim and assessing costs against the plaintiff and her attorneys, to include reasonable attorneys' fees, is GRANTED.

IT IS FURTHER ORDERED that judgment may be entered in favor of the defendants and against the plaintiff Marcella A. Braski and her attorneys, Fox, Fox, Schaefer & Gingras, in the amount of $4,729.00

Let judgment be entered accordingly.