Herman F. GAGNOW, and Randy L. Gagnow, d/b/a Gagnow Pallet Company, Plaintiffs-Respondents,

v.

Gregory HAASE, d/b/a Badger Pallet, Defendant,

FIRST INTERSTATE BANK OF WISCONSIN, Garnishee-Defendant-Appellant.

Court of Appeals

No. 88–1760. *Submitted on briefs January 18, 1989.—Decided March 2, 1989.*

(Also reported in 439 N.W.2d 593.)

For the garnishee-defendant-appellant the cause was submitted on the briefs of *Daniel L. Vande Zande* and *Vande Zande Law Offices,* of Waupun.

For the plaintiffs-respondents the cause was submitted on the brief of *James S. Lindgren* and *Johnson & Werner, S.C.,* of New London.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   First Interstate Bank of Wisconsin, the garnishee defendant in this action, appeals from an order denying its motion for costs and fees under the "frivolous action" statute, sec. 814.025, Stats. The sole issue is whether the statute applies where the lawsuit itself is meritorious, but where the defendant asserts that the plaintiff's attorney has taken some action in prosecuting the suit which is claimed to be "frivolous" in the statutory sense. We conclude that the statute does not apply in such a situation and we therefore affirm the order.

The facts are not in dispute. The plaintiffs, Herman and Randy Gagnow, were holders of a judgment against Gregory Haase, doing business as "Badger Pallet." In an effort to collect the judgment, the Gagnows commenced a garnishment action against Haase, naming First Interstate as the garnishee defendant. The garnishee summons directed the bank to file an answer stating whether it was indebted to, or was holding any property belonging to, "Gregory Haase, d/b/a Badger Pallet." The bank's answer stated, among other things:

> 2. This Garnishee Defendant is not indebted to ... nor does [it] have property in its possession or under its control belonging to the Defendant, Gregory Haas[e], d/b/a Badger Pallet.
>
> 3. This Garnishee Defendant affirmatively alleges that it is designated as the depositor for [a] checking account ... in the name of Edward P. Haas[e], d/b/a Badger Pallet Company, which account has a current balance of $1,020.43. Gregory Haas[e] is a designated signatory with respect to this account.

Upon receiving the answer, the Gagnows' attorney procured an order from the Waupaca County clerk of circuit court directing the bank "to pay in to court the sum of ... $1,020.43 found due from you to the defendant in [this] action." The order was obtained without any pleading, motion or notice to any other party.

When the order was served on the bank, the bank's attorney wrote to the Gagnows' lawyer expressing "shock[ ]" at the "improper" procedures used to obtain it. When the Gagnows' attorney did not respond, the bank moved to vacate the order and for costs and fees

under sec. 814.025, Stats. The trial court denied the motions and this appeal followed.

The issue is one of statutory interpretation. It is a question of law which we consider *de novo,* owing no deference to the trial court's decision. *Moonlight v. Boyce,* 125 Wis. 2d 298, 303, 372 N.W.2d 479, 483 (Ct. App. 1985). Sections 814.025(1) and (3), Stats., provide as follows:

> (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found ... to be frivolous by the court, the court shall award to the successful party costs ... and reasonable attorney fees.

> (3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:
> (a) The action, [etc.,] was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.
> (b) The party or the party's attorney knew, or should have known, that the action, [etc.,] was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

First Interstate does not contend that the Gagnows' garnishment action was commenced in bad faith or for purposes of harassment, or that the action itself lacked a reasonable basis in law or equity. Rather, it complains that the Gagnows' attorney acted improperly and in violation of the garnishment statutes in obtaining the order from the clerk of courts without notice to

the other parties. Specifically, the bank asserts that "any reasonable attorney should have realized that continuation of the [garnishment] action was frivolous" in that the laws do not authorize attachment of an account under the circumstances of this case. It suggests that the proper procedure would have been for the Gagnows to either take judgment against Edward Haase as the owner of Badger Pallet and then attach the account, or else simply implead Edward in the action, rather than obtaining an *ex parte* order under such questionable circumstances.

Section 814.025(1), Stats., stripped of language irrelevant to this appeal, reads as follows: "If *an action* ... commenced or continued by a plaintiff ... *is found* ... *to be frivolous* by the court, the court shall award [costs and fees] to the successful party ...." (Emphasis added.) Another subsection, sec. 814.025(3) outlines what must be established in order for the court "to find *an action* ... to be *frivolous."* (Emphasis added.)

By its plain language, then, the statute directs its fire against the "action"—the lawsuit itself—not against the tactics of the lawyer in concededly nonfrivolous lawsuits. In both subsections (1) and (3) the statute speaks in terms of finding "an action" to be frivolous, and that is how we have always considered it. *See In Matter of Estate of Bilsie,* 100 Wis. 2d 342, 357, 302 N.W.2d 508, 517 (Ct. App. 1981) (sec. 814.025, Stats., is designed to penalize a party for "commencing a frivolous proceeding"). It penalizes a plaintiff or plaintiff's attorney for bringing a frivolous lawsuit; it does not penalize him or her for conduct in prosecuting an otherwise meritorious action.

546

The primary source of statutory construction is the language of the statute itself. *Kimberly-Clark Corp. v. Public Service Comm.*, 110 Wis. 2d 455, 462, 329 N.W.2d 143, 146 (1983). If the language chosen by the legislature is plain and clearly understood, as we believe it to be in this case, there is no room for interpretation—we can do no more than give effect to that language.[1] Because there is no claim in this case that the Gagnows' action was "frivolous" as that term is defined in sec. 814.025(3), Stats., it follows that the trial court properly denied First Interstate's motion for costs and fees.[2]

*By the Court.*—Order affirmed.

[1]We note our ruling in *Stoll v. Adriansen*, 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984), that "the language of sec. 814.025, Stats., which refers to 'an action or special proceeding' and 'a counterclaim, defense or cross-complaint' is ambiguous . . . ." But it was considered ambiguous in that case only in the sense that "it fail[ed] to advise whether it applies to the entire legal posture taken by a litigant in an action or only to a portion of it." *Id.* Here, the only question is whether the language "[i]f an action . . . is . . . frivolous" means anything more or different than it says. Sec. 814.025(1), Stats. Plainly, it does not.

[2]We note a second reason why First Interstate is not entitled to the relief it seeks. Under sec. 814.025(1), Stats., the award of fees is to "the successful party" in the case, and it appears from the record that the bank was unsuccessful in its attempts to get the court to vacate the garnishment order.