Jeffrey BLANKENSHIP, Plaintiff,

J. Thomas HALEY, Appellant,†

v.

COMPUTERS & TRAINING, INC., Defendant-
Respondent.

Court of Appeals

*No. 89-1222. Oral argument March 22, 1990.—Decided October
25, 1990.*

(Also reported in 462 N.W.2d 918.)

† Petition to review denied.

703

For the appellant the cause was submitted on briefs by *J. Thomas Haley* of Madison.

For the respondent the cause was submitted on the briefs of *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.,* by *Michael S. Varda,* of Madison.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

GARTZKE, P.J. Attorney J. Thomas Haley appeals from a judgment requiring him to pay to Computers and Training, Inc. ("CAT") the costs and attorney's fees it incurred from pretrial conference through trial. The judgment is based on the trial court's finding that Haley's continued assertion of his client's suit against CAT, after a warning at the conference, was frivolous. The costs and fees were awarded pursuant to the frivolous claims statute, sec. 814.025(3)(b), Stats.[1] We conclude that to the extent the finding of frivolousness on Haley's part results from the court's assessment of the credibility of his client, the court erred. We therefore affirm in part and reverse in part and remand for further proceedings.

Blankenship's complaint alleges a wage claim against CAT based on sec. 109.03, Stats.[2] He alleged that CAT employed him as a computer programmer and training instructor, paid him wages based on the jobs to

---

[1]Sec. 814.025, Stats., provides in relevant part:

(1) If an action . . . commenced or continued by a plaintiff . . . is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s.814.04 and reasonable attorney fees.

. . .

(3) In order to find an action . . . to be frivolous under sub.(1), the court must find one or more of the following:

. . .

(b) The party or the party's attorney knew, or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

[2]Section 109.03, Stats., pertains to wage payments by an employer to an employee. Subsection (6) provides that in an action by an employee against the employer on a wage claim, the court may allow the prevailing party, in addition to all other costs, a reasonable sum for expenses.

which he was assigned and owed him $5,859.00 in wages. CAT's answer denied that Blankenship was an employee, alleged that its "advances" to him exceeded his earned commissions, and sought costs and fees under the frivolous claims statute. During a pretrial conference the court warned Haley that frivolous costs could be assessed against both him and Blankenship. The case was tried to the court.

Blankenship's written contract with CAT describes him as a "dealer" and an independent contractor. It assumes that he provides services to CAT's computer clients, for which he is paid "commissions." It provides for a $1,300.00 monthly "advance" on his "commissions," but if his "advances" exceed his "commissions," he owes the balance to CAT. Although Blankenship testified that he thought the $1,300.00 was a salary, at the beginning of the trial Haley conceded that Blankenship was mistaken.

The trial proceeded on the statutory wage claim and an unpleaded claim for the reasonable value of Blankenship's services to CAT on a project involving CAT's client, CCS. It is undisputed that the advances had nothing to do with those services. Blankenship claimed that he was entitled to the reasonable value of his services on the CCS project, since no agreement had been reached on his compensation. He testified he understood he would also be paid an additional $1,092.00 as a bonus for having undertaken that project. CAT's president testified that Blankenship orally agreed to complete the project for a $1,092.00 flat fee.

The trial court dismissed Blankenship's statutory wage claim, on grounds that no evidence was presented of an employer-employee relationship and his written contract provided that he was an independent contractor. The trial court found that Blankenship had agreed

to complete the CCS project for a $1,092.00 flat fee, he did not complete it, and that he therefore was entitled to nothing on that claim. The court added that Blankenship's testimony was incredible and requested briefs on the frivolous costs issue.

The trial court said that the issue was whether a reasonable attorney or litigant would have concluded that a claim lacked a reasonable basis in law or equity after an adequate investigation of the facts, citing *Stoll v. Adriansen,* 122 Wis. 2d 503, 515, 362 N.W.2d 182, 188 (Ct. App. 1984). The court held that Haley and Blankenship should have known that the terms of the written contract did not create an employer-employee relationship, and therefore the wage claim was frivolous. The court said that Haley and his client should have concluded that his unpleaded claim was frivolous, "since they were aware well prior to trial that the plaintiff received advances in excess of the services he actually performed and [Blankenship] had agreed to perform services on the CCS project for a fixed amount." The court later added that Haley "should have known" that his client had agreed to do the CCS project for a fixed amount. The court assessed costs and fees of $2,804.04 against Blankenship and $2,765.00 against Haley. Blankenship has not appealed.

The frivolous claims statute requires litigants and their attorneys to investigate the facts and law. *Radlein v. Industrial Fire & Casualty Ins. Co.,* 117 Wis. 2d 605, 629, 345 N.W.2d 874, 886 (1984). It does not require the highest level of competence or legal ability. *Id.* It embraces "the objective standard of what . . . a reasonable attorney [would] have done under the same or similar circumstances." *Sommer v. Carr,* 99 Wis. 2d 789, 797, 299 N.W.2d 856, 860 (1981). Only when no reasonable

basis exists for a claim or defense is a finding of frivolousness justified, since the statute resolves doubts in favor of the litigant or the attorney. *In re Bilsie,* 100 Wis. 2d 342, 350, 302 N.W.2d 508, 514 (Ct. App. 1981). The application of the frivolous claims statute to the established facts is a question of law which we decide *de novo. Stoll,* 122 Wis. 2d at 509, 362 N.W.2d at 186.

In *Stoll,* the plaintiffs sued their contractor for negligent construction of their home. The trial court assessed frivolous costs and fees against the plaintiffs following a verdict in favor of the contractor. The appeal was from the assessment against the plaintiffs, not their attorney. We said that the question is not whether the party charged with a frivolous claim can or will prevail but whether the party's position is so indefensible that it is frivolous and the party should have known it. 122 Wis. 2d at 515, 362 N.W.2d at 188. We said that "the *total lack of evidence* necessary to prove negligence would lead a reasonable party to conclude under the facts of this case that assertion of such a claim would be frivolous." 122 Wis. 2d at 515, 362 N.W.2d at 189 (emphasis added).

We agree that Haley knew or should have known that the statutory wage claim had no reasonable basis in law or equity. Blankenship's contract (a copy of which was attached to CAT's answer) provided that he was an independent contractor. Haley conceded as much at trial, and did not contend that Blankenship was nevertheless an employee. The wage claim statute, sec. 109.03, Stats., pertains to employees and employers. Haley should have known that a total lack of evidence supported the claim and therefore it had no basis in law or equity.

■

We turn to Blankenship's CCS project claim. Haley agreed during the trial that Blankenship's entitlement on his claim boiled down to whether he and CAT had agreed his compensation for that project was a flat $1,092.00 fee. Blankenship testified that how much he · · was to be paid was never discussed. CAT's president testified that the work was to be done for a flat fee. Had the trial court accepted Blankenship's version of the facts, he would have been entitled to' the reasonable value of his services. *See LaVelle v. DeLuca,* 48 Wis. 2d 464, 469-70, 180 N.W.2d 710, 713 (1970) (one who does work for another without a contract may recover reasonable value of services). But the trial court chose to believe the testimony of CAT's president, and the credibility of the parties and witnesses is the exclusive domain of the trial court. *In re Glass,* 85 Wis. 2d 126, 135, 270 N.W.2d 386, 391 (1978).

We must first decide whether the record contains a factual basis for the court's ruling that Haley knew or should have known before the trial that his client had agreed to complete the CCS project for a fixed amount. We conclude that the ruling was not justified. For that reason, we need not decide the difficult issue whether a total lack of evidence supported his claim.

■

The finding that before the trial Haley had actual knowledge that Blankenship had agreed to work on the CCS project for a fixed amount is a factual inference. A factual inference is drawn from historical facts of record or from other factual inferences from the historical facts. An appellate court must accept a trial court's inference if it is one of multiple reasonable inferences, but will reject an unreasonable inference. *State v. Friday,* 147 Wis. 2d 359, 370-71, 434 N.W.2d 85, 89 (1989). Whether an

inference is reasonable is a question of law which an appellate court may decide without deference to the view of the trial court. *Pfeifer v. World Serv. Life Ins.,* 121 Wis. 2d 567, 570, 360 N.W.2d 65, 67 (Ct. App. 1984).

The trial court's choice between Blankenship's and the president's testimony provides no factual basis for an inference that Haley knew his client was untruthful. When the trial ended, the court said it did not know whether Haley had reason to believe his client had been untruthful but, in the court's opinion, during the fifteen weeks available for preparation and untaken depositions, the facts "started to slip around as the case got closer to trial." Haley did not testify and the court articulated no other basis for its inference that Haley knew Blankenship had been untruthful. We conclude that no basis exists for a reasonable inference that Haley knew before the trial that Blankenship had agreed to work on the CCS contract for a fixed amount.

The question remains whether the facts of record furnish a basis for the ruling that Haley should have known that his client had agreed to do the CCS work for a fixed sum. This is a question of law which we review *de novo.* We conclude that no such basis exists.

When conflicting versions of fact exist, a swearing match frequently results. The mere likelihood of such a match is no reason why an attorney should accept the other side's version of the facts. Conflicting versions of the facts are standard fare in litigation.

Having concluded an insufficient factual basis exists to hold Blankenship's CCS claim frivolous, we remand to the circuit court with instructions to determine and enter judgment upon the defendant's fees and costs solely attributable to the statutory wage claim. An action

may be separated into frivolous and non-frivolous claims. *Stoll,* 122 Wis. 2d at 511–12, 362 N.W.2d at 187.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded for further proceedings.