Mary Jane LENHARDT, Plaintiff-Appellant,†

v.

Paul W. LENHARDT, Defendant-Respondent.

Court of Appeals

No. 99–2022. *Submitted on briefs May 18, 2000.—Decided August 2, 2000.*

## 2000 WI App 201

(Also reported in 618 N.W.2d 218.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas D. Kuehl* of *Bihler & Kuehl, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Leonard G. Leverson* and *Karen L. Tidwall* of *Kravit, Gass, Hovel & Leitner, S.C.* of Milwaukee.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. BROWN, P.J. Mary Jane Lenhardt appeals from a judgment dismissing her complaint against her son, Paul W. Lenhardt, where she requested specific performance of an alleged agreement to transfer title to a vacant lot. The judgment also found her action frivolous and awarded attorneys' fees to Paul. We uphold the trial court's determination that Mary Jane failed to meet her burden of proof in establishing an oral contract to convey the lot. We further uphold the trial court's finding of frivolousness. We reverse, however, that portion of the judgment awarding fees and remand for a new calculation because the

trial court erred when it included fees incurred in a separate proceeding.

¶ 2. Contested in this case is the ownership of a vacant lot. Paul bought the lot in September 1994 with the plan of building a duplex. At that time, Mary Jane, Paul's mother, was going through divorce proceedings and planned to live in the duplex with Paul once it was built. As it turned out, Mary Jane reconciled with her husband later that year. Still, in January 1995, Mary Jane paid off Paul's mortgage on the lot. Later in 1995, Paul began dating the woman who is now his wife. They became engaged in July 1996. About six months later, Mary Jane began demanding that Paul either give her the lot or pay her back for paying off his mortgage. Paul refused. When Mary Jane began calling him on the phone repeatedly to demand that he give her the lot, Paul obtained a harassment injunction against her.

¶ 3. Mary Jane, in turn, filed suit against Paul. In her complaint, she claimed that Paul bought the lot as her agent with the agreement that he would later turn the lot over to her. She requested specific performance of the alleged agreement. Paul answered that "[t]here was never any agreement to transfer the property to [Mary Jane], though [she] did gift . . . $61,000 . . . to [Paul] to pay off the mortgage for [the] lot." The case was tried to the court. In its oral decision, the trial court noted that the alleged agreement had never been reduced to writing, despite the requirement of the statute of frauds. The trial court found Mary Jane's testimony incredible, noting that it was riddled with contradictions. For example, Mary Jane testified that she had not told anyone that Paul's wedding was cancelled. Then she acknowledged that a note stating, "The wedding is off," was in her own handwriting. At the hearing for reconsideration, the trial court stated

that a substantial basis for its decision was the finding that Mary Jane "is a liar and lied continuously throughout this trial." Concerning the alleged agreement to transfer the land, the court stated: "I am satisfied that there absolutely was not such a contract. I did not find credible evidence in that regard." The trial court also found that the $61,000 had been a conditional gift but that Mary Jane's actions had made it impossible for Paul to carry out the condition of building the duplex. In a written judgment, the trial court dismissed Mary Jane's complaint, adjudged Paul the sole owner of the vacant lot and dissolved the lis pendens Mary Jane had placed on the lot. Further, the trial court found that Mary Jane had pursued the action "solely for purposes of harassing or maliciously injuring another," WIS. STAT. § 814.025(3)(a) (1997–98),[1] and thus the action was frivolous. It awarded Paul $40,864 in attorneys' fees, some of which were incurred in pursuing the harassment injunction.

¶ 4. On appeal, Mary Jane has seized upon the trial court's conditional gift discussion and used it as the basis of her argument. She claims the trial court erred: (1) in finding that Paul was excused from his performance of the gift conditions, (2) in applying the doctrine of laches, (3) in considering Mary Jane's actions in the divorce case and her alleged interference with Paul's wedding, (4) in finding that the action was frivolous, and (5) in awarding attorneys' fees for Paul's presuit consultation with his attorney and for services rendered in the harassment injunction. Paul responds that the court properly found that he is the owner of the lot and that Mary Jane's action was frivolous.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

¶ 5. This case starts and ends with the ownership of the lot. There is no dispute that Paul's name is on the warranty deed. He owns the lot in fee simple. In her complaint, Mary Jane claimed that he bought it as her agent and had agreed to transfer it to her. The trial court found that there was no credible evidence showing the existence of such an agreement.

¶ 6. Our standard of review is mixed. The factual findings the trial court made must be upheld unless clearly erroneous. *See* WIS. STAT. § 805.17(2). However, whether Mary Jane met her burden of proof is a question of law we review de novo. Finally, we note that a request for specific performance "is an equitable remedy and rests in the discretion of the court," even when the contract is in writing. *Anderson v. Onsager*, 155 Wis. 2d 504, 513, 455 N.W.2d 885 (1990) (quoting *Edlin v. Soderstrom*, 83 Wis. 2d 58, 70, 264 N.W.2d 275 (1978)).

¶ 7. Under the statute of frauds, *see* WIS. STAT. § 706.02, a contract to convey land must be in writing. *See Spensley Feeds, Inc. v. Livingston Feed & Lumber, Inc.*, 128 Wis. 2d 279, 285, 381 N.W.2d 601 (Ct. App. 1985). However, WIS. STAT. § 706.04 provides the conditions under which a trial court may use equitable doctrines to enforce a promise to convey real estate despite noncompliance with the statute of frauds. The first condition under that statute is that "all of the elements of the transaction are clearly and satisfactorily proved." *Id.*

¶ 8. Here, it was not an erroneous exercise of discretion for the trial court to deny specific performance. The trial court found Mary Jane's testimony incredible

and the record supports that finding. Because her testimony was incredible, it was insufficient to prove the existence of an agreement to convey the lot. Thus, the trial court was correct in refusing to enforce the agreement. We need not examine the rest of the conditions allowing enforcement under WIS. STAT. § 706.04 because the existence of the agreement was not clearly and satisfactorily proved.

¶ 9.　The trial court's recognition that there was no agreement to convey the land disposed of the case. That the trial court then went on to characterize Mary Jane's payment of the mortgage as a conditional gift is of no moment. The comments about a conditional gift were extraneous to the court's decision on Mary Jane's cause of action. The trial court determined that her cause of action failed for lack of proof and that is the end of it. We thus need not address Mary Jane's conditional gift arguments since she never pled a conditional gift as an alternative and the issue was never joined. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (reviewing court need not address all issues raised on appeal when deciding case on other grounds); 5 C.J.S. *Appeal and Error* § 714 (1993) (reviewing court will not overturn a judgment based on several grounds if one of those grounds will sustain the judgment).

¶ 10.　We now turn to the trial court's finding that Mary Jane's action was frivolous and the trial court's resultant award of attorneys' fees to Paul. The trial court found Mary Jane's suit frivolous under WIS. STAT. § 814.025(3)(a), concluding that the action was commenced "in bad faith, solely for the purposes of harassing or maliciously injuring another." *Id.* Mary Jane argues that the trial court erroneously exercised

its discretion when it considered other aspects of the parties' relationship not associated with the lot, for example, Mary Jane's attempts to disrupt Paul's wedding. Further, Mary Jane claims that her action could not have been commenced solely to harass because she sought specific performance of Paul's promise to convey the lot; her motive was at least in part pecuniary.[2] Finally, Mary Jane argues that even if her action was frivolous, it was error to award fees arising from Paul's presuit consultation with his attorney and fees associated with the harassment injunction. Paul responds that the trial court's consideration of all of Mary Jane's actions was appropriate. He maintains that case law requires a trial court to look at the big picture because "[s]eldom indeed will a party's subjective intent to harass be apparent from the face of the pleadings." Paul also contends that all fees awarded were appropriate

---

[2] In her brief, Mary Jane incorrectly quotes this court in *Stoll v. Adriansen*, 122 Wis. 2d 503, 514–15 n.5, 362 N.W.2d 182 (Ct. App. 1984), as saying, "Even an action motivated primarily by a desire to harass is not sanctionable where a money judgment is sought." That sentence does not appear in *Stoll*. In *Stoll*, we said the following: "Subsection (3)(a) requires a finding that the *sole* purpose of the lawsuit was to harass the other party. The trial court found that while harassment was the Stolls' primary purpose, they also sought a money judgment. . . . Therefore, sec. 814.025(3)(a) cannot be a basis for finding the Stolls' claims frivolous." *Id.* But the language Mary Jane quotes as being from *Stoll* is not in that opinion, or in any other Wisconsin case for that matter. Furthermore, Mary Jane failed to note that our supreme court, while not explicitly overruling *Stoll*, subsequently clarified the law in *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 239–40 n.6, 517 N.W.2d 658 (1994) ("[A] claim of frivolousness under sec. 814.025(3)(a), Stats., does not fail merely because a party happens to seek a monetary judgment.").

because his presuit consultation and his injunction were directly related to the subject matter of this suit, since they were prompted by Mary Jane's attempts to bully him into turning over the property.

¶ 11. Whether an action is frivolous because it was filed solely to harass is a mixed question of fact and law. *See Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 236, 517 N.W.2d 658 (1994). The trial court's findings of fact regarding "what was said, what was done, [and] what was thought . . . will not be upset unless they are against the great weight and clear preponderance of the evidence." *Id.* (citation omitted). However, whether the facts are enough to support the legal conclusion that the action was frivolous is a question of law we review de novo. *See id.*

¶ 12. Here, the record supports the facts found by the trial court and those facts in turn support the conclusion that the action was frivolous. The trial court noted several factual bases for its conclusion that the action was frivolous: Mary Jane's incredible testimony, the events underpinning the lawsuit, the events leading up to the harassment injunction and Mary Jane's interference with Paul's wedding. Our de novo weighing of the facts of record leads us to the same conclusion as the trial court: this action was filed solely to harass Paul and thus was frivolous.

¶ 13. Next, we decide whether the trial court had authority, under WIS. STAT. § 814.025, to award attorney fees for presuit consultation and for the harassment injunction. Our review of an award of attorney fees is deferential. We will uphold the award as long as the trial court properly exercised its discretion by applying the appropriate legal standards to the

543

facts of record to reach a logical conclusion. *See Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 987, 542 N.W.2d 148 (1996). On the other hand, whether fees incurred in presuit consultation and ancillary matters come within the purview of § 814.025 requires us to construe that statute. The construction of a statute presents a question of law we review de novo. *See Tatum v. LIRC*, 132 Wis. 2d 411, 421, 392 N.W.2d 840 (Ct. App. 1986).

¶ 14. We first consider Paul's presuit consultation. Before Mary Jane filed the present action, Paul met with an attorney to discuss the lot ownership controversy. The trial court ruled that the subject matter of that consultation was sufficiently related to this case to render those fees part of the cost of the frivolous action. Mary Jane points to the words "an action or special proceeding *commenced* or continued," WIS. STAT. § 814.025(1), to support her argument that only fees incurred after the filing of the complaint can be awarded. But that phrase defines at what stage of the proceedings an action can become frivolous—either when it is filed or at a later stage. The cited language does not define the scope of awardable attorney fees. Rather, the extent of the fee award is specified by a later phrase: "*reasonable* attorney fees." *Id.* (emphasis added). Thus, as long as fees are sufficiently related to the cause of action before the court, it is their reasonableness, not the time they were incurred, that determines whether the court has authority to use its discretion in awarding them. Here, Paul met with an attorney to discuss the very problem that eventually caused Mary Jane to file this frivolous lawsuit. That the discussion took place prior to the filing of Mary Jane's complaint does not render those fees unrecoverable under § 814.025.

¶ 15. We reach the opposite conclusion, however, regarding the attorneys' fees awarded for Paul's harassment injunction: the trial court was without authority to award those fees. Paul argues that we should include those fees because Mary Jane's harassment is what made her case frivolous and it was that same harassing behavior that led him to seek an injunction against her. But the harassment injunction was a completely separate, albeit related, proceeding. WISCONSIN STAT. § 814.025 speaks to an action or special proceeding in the singular. The statute only gives the trial court authority to award attorney fees for the action or proceeding before it, not for all ancillary proceedings precipitated by the frivolous action but not before the court.

¶ 16. Finally, Paul argues that Mary Jane's appeal was frivolous and that we should award him appellate attorney fees and costs. *See* WIS. STAT. RULE 809.25(3). We may not award fees under RULE 809.25(3) unless the entire appeal is frivolous. *See Manor Enters., Inc. v. Vivid, Inc.*, 228 Wis. 2d 382, 403, 596 N.W.2d 828 (Ct. App. 1999), *review denied,* 230 Wis. 2d 273, 604 N.W.2d 571 (Wis. Sept. 28, 1999) (No. 98–1709). Mary Jane prevailed on part of the attorneys' fees argument. Thus, we do not award fees and costs for a frivolous appeal.

¶ 17. We affirm those portions of the judgment dismissing Mary Jane's complaint, declaring Paul the sole owner in fee simple of the lot, dissolving the lis pendens Mary Jane placed on the property, finding the action frivolous and awarding attorneys' fees. We reverse, however, those portions awarding attorneys' fees for Paul's pursuit of the harassment injunction.

We remand for a determination of which attorneys' fees are authorized in accord with this opinion.

No costs to either party.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.