HOEY OUTDOOR ADVERTISING, INC., Plaintiff-Respondent,

v.

Ted RICCI, Defendant-Appellant.

Court of Appeals

*No. 01–2186. Submitted on briefs March 4, 2002.—Decided April 9, 2002.*

2002 WI App 231

(Also reported in 653 N.W.2d 763.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jason W. Whitley* of *Novitzke, Gust, Sempf & Whitley* of Amery.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas S. Hornig* and *Marc T. McCrory* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Ted Ricci appeals from a judgment in favor of Hoey Outdoor Advertising, Inc., that determined Hoey's lease of a billboard on Ricci's property is valid and enforceable. The judgment also requires Ricci to pay Hoey damages for cutting down the billboard and interfering with Hoey's relationship with the company that advertises on the billboard. Finally, the judgment requires Ricci to pay Hoey's costs and reasonable attorney fees because Ricci maintained a frivolous defense.

¶ 2.   We affirm the trial court's conclusion that the lease is enforceable and that Ricci is liable for intentional interference with a contractual relationship. We also affirm the court's finding that Ricci offered frivolous defenses to Hoey's claims for declaratory judgment and intentional interference with a contractual relationship. However, we conclude that Ricci's defenses of both the breach of contract claim and Hoey's request for

351

compensatory and punitive damages were not frivolous. We reverse that portion of the judgment requiring Ricci to pay all of Hoey's attorney fees and remand for a determination of the amount of fees solely attributable to Ricci's frivolous defenses. Because we affirm in part and reverse in part, we conclude that Ricci's appeal was not frivolous and therefore deny Hoey's motion for costs and attorney fees associated with this appeal.

## STATEMENT OF FACTS

¶ 3.    Hoey is an outdoor advertising business. It owns billboards that are installed on land that Hoey owns or leases from private landowners. In 1996, Hoey entered into a lease with one such landowner, Ida Mesecher, for a term of ten years with an option to renew. The lease was never recorded with the register of deeds.

¶ 4.    In March 1998, Mesecher sold her land to Carly Carlson. Carlson sold the land to Ricci in May 1999. At the time of the sale, Hoey's billboard contained an advertisement for non-party Amoco.

¶ 5.    Ricci testified that he purchased the land so that he could operate a small used car lot adjacent to the county highway. He said that he learned the land was for sale after talking to a man who lived next to the property. Ricci called Carlson, and the two agreed on a sale price of $1,500. The two arranged for Ricci to close on the property two days later. Ricci and Carlson never toured the property together, and Ricci did not have the land surveyed or seek a title opinion. The day before the closing, Ricci started clearing brush from the property.

¶ 6.    The closing took place on May 24. Ricci testified that he was surprised when the deed described three separate parcels of land. Ricci estimated that

based on the description in the deed, the property was approximately three times larger than he had anticipated. He returned to the property and measured the land using a tape measure. He noticed the billboard and asked a neighbor whether the billboard was on the neighbor's property. The neighbor indicated that he thought the billboard was on Ricci's land.

¶ 7. Noting that Amoco was advertised on the billboard, Ricci proceeded to the local Amoco station. He learned from two managers that they were paying to rent the sign. He asked if they wanted to sign a lease to rent the sign and they indicated that they already had a lease with Hoey. They directed Ricci to Diane Hoey, who works at Hoey Outdoor Advertising.

¶ 8. Ricci said he called Hoey "to make a lease agreement with her." She told Ricci that she already had a lease. Ricci then contacted an attorney who wrote Hoey a letter stating that because Hoey's lease was not recorded, it did not bind Ricci. Hoey's counsel responded with a letter asserting that the lease was binding, citing WIS. STAT. § 706.09(2)(a),[1] which governs when a conveyance can be taken free of a prior adverse claim. Hoey's counsel asserted that the lease was enforceable against Ricci because even though the lease was not recorded, the billboard gave Ricci constructive notice of the lease.[2]

¶ 9. Hoey subsequently mailed Ricci the annual lease payment. Ricci refused to cash the check, arguing that the lease was not enforceable. Ricci hired another

---

[1] All statutory references are to the 1999–2000 version unless otherwise indicated.

[2] It appears undisputed that following this communication, Ricci's attorney told him that he should not remove the sign. Ricci subsequently discharged this attorney and ultimately hired another attorney, who represented him at trial.

attorney who advised Ricci that he could remove the billboard.[3] In early September, Ricci used a truck to pull the billboard out of the ground. He laid the sign on the ground and left it there.

¶ 10. Hoey filed suit against Ricci alleging breach of contract and intentional interference with a contractual relationship. Hoey also sought a declaration of its right to enforce the lease and both compensatory and punitive damages.

¶ 11. The matter was tried to the court. The trial court found that Ricci had intentionally interfered with Hoey's and Amoco's contractual relationship. The court also declared that the lease was enforceable against Ricci because he had constructive notice of the lease. The court dismissed the breach of contract claim. Finally, the court ordered that the sign be repaired.

¶ 12. With respect to damages, the trial court concluded that Hoey was not entitled to punitive damages. The court awarded Hoey compensatory damages of $1,560 in past and future revenue losses for rental of the sign and $836 in repair costs. The court also concluded that Ricci's defense was frivolous under WIS. STAT. § 814.025(3)(b). Accordingly, the court awarded Hoey costs and reasonable attorney fees. Ricci appealed.

¶ 13. Ricci raises two issues on appeal: (1) whether the lease is binding on Ricci even though the deed did not reveal the lease and he had no knowledge of the lease when he bought the property; and (2) whether his defense was frivolous, given that Hoey

---

[3] At trial, counsel for Ricci acknowledged that one of the attorneys in his firm had advised Ricci that he could take the billboard down.

sought over $43,000 in compensatory and punitive damages and was ultimately awarded only $2,396 in actual damages at trial.[4]

## DISCUSSION

## I. Enforceability of the lease

¶ 14.   Ricci challenges the lease's enforceability on grounds that he is a good faith purchaser not subject to the unrecorded lease.[5] It is undisputed that because Hoey did not record the lease, it is enforceable against Ricci only if he had affirmative notice of the lease at the time of purchase. The applicable statute is WIS. STAT. § 706.09, which provides in part:

> (1) WHEN CONVEYANCE IS FREE OF PRIOR ADVERSE CLAIM. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
>
>      . . . .
>
> (b) *Conveyance outside chain of title not identified by definite reference.* Any conveyance, transaction or event not appearing of record in the chain of title to the

---

[4] Ricci does not challenge the trial court's finding that he intentionally interfered with the contractual relationship between Hoey and Amoco. He also does not challenge the amount of the compensatory damages award. Accordingly, those portions of the judgment are affirmed.

[5] Ricci does not challenge the lease on other grounds. Because we conclude that Ricci had affirmative notice of the lease, we affirm the trial court's conclusion that the lease is enforceable.

real estate affected, unless such conveyance, transaction or event is identified by definite reference in an instrument of record in such chain. . . .

**(2)** NOTICE OF PRIOR CLAIM. A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:

(a) *Affirmative notice.* Such purchaser has affirmative notice apart from the record of the existence of such prior outstanding claim, including notice, actual or constructive, arising from use or occupancy of the real estate by any person at the time such purchaser's interest therein arises, whether or not such use or occupancy is exclusive; but no constructive notice shall be deemed to arise from use or occupancy unless due and diligent inquiry of persons using or occupying such real estate would, under the circumstances, reasonably have disclosed such prior outstanding interest; nor unless such use or occupancy is actual, visible, open and notorious.

¶ 15.   Pursuant to WIS. STAT. § 706.09(2)(a), Ricci had affirmative notice of Hoey's prior outstanding claim if (1) Hoey's occupancy was actual, visible, open and notorious; and (2) due and diligent inquiry, under the circumstances, reasonably would have disclosed Hoey's prior outstanding interest. *See id.* The trial court findings with respect to these issues will be affirmed unless they are clearly erroneous. *See* WIS. STAT. § 805.17(2).

¶ 16.   Ricci does not challenge the trial court's finding that the billboard itself was open and notorious. Rather, he contends that the billboard was not openly and visibly located on Ricci's property. He explains:

356

The advertising sign was located on the southernmost border of Mr. Ricci's property and the northernmost border of his neighbor's property. . . .

The ambiguous location of the outdoor advertising sign gave no reason for Mr. Ricci to believe that Hoey had a possessive interest in his property prior to May 24, 1999, the day he acquired ownership. Mr. Ricci did not have a duty to inquire because the sign was not visibly and openly located on his property, the location was ambiguous and could be misunderstood or misconstrued by any purchaser.

¶ 17. We reject Ricci's argument. Both the billboard and its location were open and obvious. The sign is immobile and was not moved at any time during Ricci's ownership. The only information that was not openly available to passersby was the boundaries of the realty to which the billboard was affixed. Yet Ricci, as the purchaser, had that information. The fact that he chose not to survey the property or investigate the precise location of his boundaries does not negate his affirmative notice under WIS. STAT. § 706.09(2)(a).

¶ 18. In effect, Ricci contends that because the billboard was located near the actual property line, he could not have constructive notice of Hoey's interest in the property. We disagree because due and diligent inquiry, under the circumstances, would reasonably have disclosed Hoey's prior outstanding interest. *See* § 706.09(2)(a).

¶ 19. A purchaser of land has three sources of information that the purchaser should consult to learn of rights to the land: (1) the records in the office of the register of deeds where the basic rights involved are

recorded; (2) other public records to discover rights that usually are not recorded in the office of the register of deeds, *i.e.*, judgments and liens; and (3) the land itself, to discover by observation the rights that arise outside the recording system by virtue of possession or use. *Bump v. Dahl*, 26 Wis. 2d 607, 614–15, 134 N.W.2d 665 (1965). The purchaser is chargeable with knowledge of the location of the land's boundaries as against third persons. *Id.* at 615.

¶ 20.  Consistent with *Bump*, Ricci is chargeable with knowledge of the property's boundaries. *See id.* He chose not to have the property surveyed, and did not attempt to determine the size of the property he was purchasing before closing on the property. We affirm the trial court's findings that Ricci had affirmative notice of Hoey's interest and that the lease is enforceable against Ricci.

## II. Ricci's frivolous defense

¶ 21.  Ricci appeals the trial court's decision to award Hoey costs and attorney fees pursuant to Wis. Stat. § 814.025(3)(b).[6] An analysis of frivolousness under Wis. Stat. § 814.025(3)(b) presents a mixed ques-

---

[6] Wisconsin Stat. § 814.025 provides in relevant part:

**Costs upon frivolous claims and counterclaims. (1)** If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

. . . .

tion of fact and law. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 46, 243 Wis. 2d 486, 627 N.W.2d 795. A determination of what the party knew or should have known is a question of fact. *Id.* A conclusion as to whether what was known or should have been known warrants a finding of frivolousness is a question of law that we review de novo. *Id.* All doubts on this issue are resolved in favor of the party. *Id.*

¶ 22. In a written decision, the trial court made the following findings with respect to frivolousness:

> After Hoey's attorney set forth the applicable law [in a letter to Ricci], Ricci took it upon himself after consulting with his attorney to remove the sign. As a defense Ricci alleges he was only following the advice of counsel. The Court finds that it is not a defense to plaintiff's claim that Ricci did not know the sign was within the boundaries of the land he purchased. He should have known and he should have determined those boundaries prior to removing the sign. At trial Ricci and his lawyer were unable to advise the Court where the boundary line was. This is not a reasonable basis in law or equity nor is it a good faith argument for an extension, modification or reversal of existing law that would enable Ricci to remove Hoey's sign without affirmatively knowing whether the property was on his land or not. Ricci's attorney should not have authorized the removal of the sign in the face of Wisconsin law. No

---

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

. . . .

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

359

Wisconsin case stands for the proposition that once visible notice is given by placing a structure on the land, the purchaser can be considered a [bona fide] purchaser for value because he believes the sign is on someone else's land. The defense was frivolous at the time it was filed and got considerably worse through the discovery process and trial.

¶ 23.   On appeal, Ricci argues that his defense was not frivolous because he successfully defended the case, reducing his potential liability from $33,000 to under $3,000. He explains:

Mr. Ricci was a defendant to a lawsuit in which the plaintiff was demanding not less than $25,000 in punitive damages. He is entitled to defend himself. During the course of trial the plaintiff asserted that they suffered damages in excess of $18,000. After the conclusion of trial, the plaintiff was awarded less than $3,000 in actual damages. Any defense which defeats a claim of more than $43,000 and reduces the amount of the actual judgment to under $3,000 [cannot] be frivolous.

¶ 24.   Ricci also asserts that his defense was not frivolous because there was a legitimate dispute whether he had actual notice pursuant to Wis. Stat. § 706.09. He states:

The trial court concluded that the location of the sign on the property was ambiguous and subject to misunderstanding. This finding is in Mr. Ricci's favor and actually supports Mr. Ricci's defense. A defense in which the fact finder decides the facts in accordance with the defendant's own version of facts [cannot] be frivolous.

¶ 25.   In response, Hoey argues that Ricci's defense was frivolous because he "knew of Hoey's rights and its leasehold [interest] prior to removing the sign,

removed it nonetheless, and then wanted to fall back on his own ignorance as a defense. Such a position is patently frivolous." Hoey continues:

> On appeal, Ricci convolutes logic further by arguing that since he did not lose even more on damages, his defense was therefore not frivolous. One is always free to argue on damages and concede on liability. Mr. Ricci conceded nothing. Rather, he frivolously defended liability and lost. That the court awarded less in damages does not somehow make his frivolous liability defense less frivolous.

¶ 26.   We conclude that Ricci offered frivolous defenses to Hoey's claims for declaratory judgment and intentional interference with a contractual relationship. First, as discussed earlier, Ricci's defense to the enforceability of the lease was that although the sign itself was open and obvious, the lot to which it was affixed was not obvious because the sign was located near the lot line. We agree with the trial court that Ricci's defense of the declaratory judgment claim was frivolous. Ricci still does not claim to know whether the sign is on his land. Moreover, he cites no authority for the proposition that affirmative notice provided by an open and obvious occupancy is negated by the purchaser's ignorance of the property's boundaries.

¶ 27.   Ricci's defense of Hoey's claim for intentional interference was also frivolous. The elements of tortious interference with a contractual relationship are:   (1) the plaintiff had a contract or prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and

(5) the defendant was not justified or privileged to interfere. *Dorr v. Sacred Heart Hosp.*, 228 Wis. 2d 425, 456–57, 597 N.W.2d 462 (Ct. App. 1999). Ricci offered no defense to the first four elements; it is undisputed that he knew Amoco was leasing the billboard, that he intentionally took down the billboard and that Hoey lost revenue as a result of the billboard's dismantling. Ricci's defense was that he was privileged to interfere because he was not subject to the unrecorded lease.

¶ 28.  Ricci's theory, both at trial and on appeal, is that when he removed the sign, he believed his interest in the property was superior to that of Hoey's. Even if Ricci would be entitled to simply remove the billboard if he were not subject to the lease (an issue we decline to address),[7] his argument fails because he admitted at trial that he did not know whether the billboard was on his property at the time he removed the sign, and still did not know as of the time of trial whether the billboard was on his land. Ricci's failure to determine this fact makes his defense of the intentional interference claim frivolous.

¶ 29.  Although we agree that two of Ricci's defenses were frivolous, we disagree with Hoey that all of Ricci's defenses were frivolous. First, although neither party discusses it, the trial court dismissed Hoey's breach of contract claim. Hoey has not appealed that decision. Thus, Ricci successfully litigated his liability for one of the three claims presented.

---

[7] We will not decide issues based on hypothetical or future facts. *State v. Simonetto*, 2000 WI App 17, 232 Wis.2d 315, ¶ 4 n.1, 606 N.W.2d 275.

¶ 30. Second, we agree that Ricci was entitled to defend on the damages issue. He successfully contested his liability for punitive damages and was found liable for only a fraction of the compensatory damages that Hoey sought. Ricci's defense on the damages issue was not frivolous.

¶ 31. Our decision that only two of Ricci's defenses were frivolous does not preclude an award of costs and attorney fees. In *Stoll v. Adriansen*, 122 Wis. 2d 503, 511, 362 N.W.2d 182 (Ct. App. 1984), we concluded that a reasonable and sensible reading of Wis. Stat. § 814.025 (1983–84), requires courts to separately consider the frivolousness of various claims that constitute an action or a defense.[8] Applying *Stoll*, we have determined that where a circuit court erroneously concludes that one of two claims is frivolous, it is appropriate to remand to the circuit court with directions to determine and enter judgment for defendant's fees and costs solely attributable to the frivolous claim. *See Blakenship v. Computers & Training, Inc.*, 158 Wis. 2d 702, 710, 462 N.W.2d 918 (Ct. App. 1990).

---

[8] In *Stoll v. Adriansen*, 122 Wis. 2d 503, 362 N.W.2d 182 (Ct. App. 1984), the court also held that although the plaintiffs' claim was brought primarily to harass the defendant, the fact that they also sought monetary damages precluded a finding of frivolousness. *Id.* at 514 n.5. Subsequently, the supreme court implicitly overruled this holding, recognizing that "a claim of frivolousness under sec. 814.025(3)(a), Stats., does not fail merely because a party happens to seek a monetary judgment." *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 240 n.6, 517 N.W.2d 658 (1994). However, *Stern* did not address *Stoll's* holding that courts should separately consider the frivolousness of various claims that constitute an action or defense. *See Stoll*, 122 Wis. 2d at 511.

¶ 32. We conclude that the same approach is appropriate here. Because Ricci's defenses of the declaratory judgment and intentional interference claim were frivolous, Hoey is entitled to costs and reasonable attorney fees solely attributable to Ricci's frivolous defenses. *See id.*; *see also* WIS. STAT. § 814.025(1).

## CONCLUSION

¶ 33. We reverse that portion of the judgment concluding that Ricci's entire defense was frivolous and remand for a determination of the costs and attorney fees solely attributable to Ricci's frivolous defenses. We affirm the judgment in all other respects. Because we affirm in part and reverse in part, we conclude that Ricci's appeal was not frivolous and therefore deny Hoey's motion for costs and attorney fees on appeal. *See Lenhardt v. Lenhardt*, 2000 WI App 201, ¶ 16, 238 Wis. 2d 535, 618 N.W.2d 218 (We may not award fees under WIS. STAT. RULE 809.25(3) unless the entire appeal is frivolous.).[9]

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions. No costs to either party.

---

[9] Unlike claims at the trial court level, this court does not consider whether an appeal may be partially frivolous.